(No. 22126.—
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* MELVIN L. STRAUS, Trustee, *et al.* Plaintiffs in Error.

*Opinion filed February 23, 1934—Rehearing denied April 6, 1934.*

Orr, C. J., and DeYoung, J., specially concurring.

Gottlieb & Schwartz, (Ulysses S. Schwartz, Claude A. Roth, and Harry E. Smoot, of counsel,) for plaintiffs in error.

Thomas J. Courtney, State's Attorney, and Poppenhusen, Johnston, Thompson & Cole, (Hayden N. Bell, Robert S. Cushman, Jacob Shamberg, Floyd E. Thompson, and Edward J. Fleming, of counsel,) for defendant in error.

Mr. Justice Shaw delivered the opinion of the court:

This is a writ of error by Melvin L. Straus, as trustee, and others, to the superior court of Cook county, seeking the reversal of a decree of foreclosure entered by that court against certain lots in Cook county for forfeited and past-due taxes, penalties, interest and costs in the sum of $165,683.49. The proceedings were in equity under the provisions of section 253 of the Revenue act, (Cahill's Stat. 1931, chap. 120, par. 268,) which provides for the foreclosure of tax liens by a proceeding in equity in the name of the People whenever taxes for two or more years upon the same description of property shall have been for-

feited to the State. It is the contention of plaintiffs in error that the suit should have been dismissed on their motion because the solicitor for the complainant had no right to appear for the People; that the board of county commissioners of Cook county had no authority to employ the solicitor to represent the People; that the court erred in finding that the property in question had been·forfeited for the non-payment of taxes for two or more years, and that the court erred in the admission of evidence on behalf of the complainant and erred in the entry of the order confirming and approving the sale of the property.

Much argument is devoted to the contention that the solicitor for the complainant had no right to represent the People, but we can find no merit in it, as the question does not affect the rights of plaintiffs in error. That part of the bill of complaint which recites that the People of the State of Illinois appear by a certain solicitor is, at most, an introduction to the *gravamen* of the complaint and does not constitute a material or traversable allegation. The rights of the parties are not, and necessarily cannot be, affected by the legal status of the solicitor who appears for either of them, but only by the material and issuable allegations presented.

Numerous cases are cited tending to show that it was the proper function of the State's attorney to prosecute this case, and there is much argument for the purpose of showing that the contract between the county commissioners and the solicitor who appeared for the People in the trial court is unconscionable, contrary to public policy and void. The principal case relied on in this connection is *Fergus v. Russel,* 270 Ill. 304. That case is not in point on this inquiry, because the employment was there directly attacked and not brought collaterally in issue as is attempted here. In *Mix v. People,* 116 Ill. 265, we used the following language: "The collection of the public revenues is of the utmost importance, and no court

should allow a suit of this character to be dismissed because the solicitor who brings it may not happen to be the State's attorney or the Attorney General, without good cause shown therefor. There is no statute requiring a bill of this kind to be signed in the official character of either of those officers, as there is with reference to an indictment." It sufficiently appears that the board of commissioners of Cook county authorized the commencement of this suit in the name of the People, and that the People ratified the action through a purchase at the foreclosure sale. The People appear in this court by the State's attorney and Attorney General seeking the affirmance of the decree. Having thus authorized, approved and ratified everything that was done, it makes no difference to plaintiffs in error whether or not said solicitor was duly authorized to bring this suit. *Thompson* v. *Hemenway,* 218 Ill. 46.

Although the record in the case shows that there are delinquent taxes against the property in question for the years 1924, 1925, 1926, 1927, 1928 and 1929, it is contended that there has been no such "forfeiture" as to constitute the necessary condition precedent to an equitable foreclosure under section 253 of the Revenue act. The argument in support of this position is technical and detailed, and is based in part upon the fact that many of the records introduced on behalf of the People show that certain objections to some of the taxes were at some time or other pending; that as to some of the records the notations of the clerk were obscure and difficult to comprehend and that some of the records introduced in evidence were not properly verified. In considering the record in this respect it is necessary to bear in mind that it is the purpose of the statute to permit an adjustment, accounting and collection of back taxes, regardless of omissions or irregularities which might be of such character as to be fatal to a tax title and therefore such as might effectually prevent bidding at a tax sale. The complexity of

our tax-assessing and tax-collecting laws is such as to cast many difficulties in the path to a valid tax title, and it was obviously the legislative intent in passing section 253 to provide a remedy which would prove beneficial both to the people and the tax-payer. In equity, with all parties in court, it is at once possible for the tax-payer to secure for himself all just credits and adjustments and for the people to correct and overcome all technical objections. There is thus provided a remedy for all interested parties by which in one proceeding all past penalties and foreitures can be determined and liquidated. The tax-payer is afforded the valuable right of paying an ascertained lump sum in settlement of the whole matter, and the people are afforded a sale under a decree which has cleared the title of past technical objections. *Sanderson* v. *Town of LaSalle,* 117 Ill. 171.

The section under consideration, being remedial, must be liberally construed to effectuate its purpose, and any other construction would not only fail of that purpose but render it entirely nugatory. Two forfeitures, in fact, are sufficient to confer jurisdiction on a court of equity. (*Biggins* v. *People,* 106 Ill. 270.) The case of *People* v. *Henckler,* 137 Ill. 580, relied upon by plaintiffs in error, is to be distinguished, as in that case the record showed on its face that one of the forfeitures relied upon was not merely technically deficient but was totally void *ab initio.*

Taking the record in this case as a whole, we find there is sufficient evidence to establish forfeitures for two, and more than two, years. The evidence in the case, while largely documentary, is supplemented by expert testimony as to the meaning of certain abbreviations necessarily used in the keeping of tax records. It sufficiently appears from these records that on September 25, 1928, a forfeiture was entered on the taxes for the year 1924 in the sum of $27,452.71. This appears from the collector's warrant and also from the forfeiture record. Plaintiffs

in error contend that the latter record is rendered value-less because it shows on its face that objection No. 464 was at some time pending. As to this contention, it is shown by another court order that the objection had been disposed of on December 21, 1927. It is further shown that on September 25, 1928, a forfeiture was duly entered of record on the 1925 tax in the sum of $29,464.74. As to this, plaintiffs in error contend that objection No. 1451 appears to be pending, as shown on the face of the collector's warrant and by the forfeiture record. This objection had also been previously disposed of by court order on December 21, 1927, which explains the appearance of an objection pending, as shown by the forfeiture record. The record further shows that on November 16, 1928, a forfeiture was entered of record as to the 1926 tax in the sum of $29,869.54. The record also shows on its face that objection No. 1326 had been pending, but it also had been previously disposed of by a court order on December 21, 1927. The forfeiture record shows that on November 16, 1928, there had been a sale of this property on September 25, 1928, to one Lee, who had failed to pay, and that thereupon the property had been re-offered for sale and was forfeited. The record further shows that on November 16, 1928, a forfeiture was entered on the 1927 tax in the sum of $25,825. It is admitted by plaintiffs in error that there were no objections filed or pending in connection with this tax, and it clearly appears that a general judgment on the 1927 taxes was entered on August 3, 1928. A record of forfeitures for the 1924, 1925, 1926 and 1927 taxes appears on both the collector's warrant and on the forfeiture record for the year 1928, and the record further shows that at the December, 1927, term of the county court of Cook county, after objections Nos. 464, 1326 and 1451 had been overruled in part and sustained in part, a general judgment was entered for the balance of the taxes for the years 1924, 1925 and 1926.

There can be no doubt from the entire record that the property in question was forfeited to the State of Illinois for the taxes for the year 1924 and also for subsequent years, as found by the decree. In fact, no effort was made by plaintiffs in error to prove that there was no actual forfeiture shown by the records, reliance being placed on the contention that the proof for the People was insufficient.

Plaintiffs in error do not seriously argue that the judgment of August 3, 1928, does not show a forfeiture for the year 1927, but they contend that the evidence thereof was improperly admitted. The record fails to sustain this objection. After stating that they had no objection to the introduction of a typewritten copy of the judgment, the record shows a short colloquy between counsel to the effect that photostatic copies should have been produced or some evidence of comparison with the original offered, yet there was no specific objection made nor any ruling required by the court. In *Biggins* v. *People, supra,* we used the following language: "Real property is forfeited to the State when, at any regular tax sale under the Revenue act, the collector shall offer the property for sale and it shall not have been sold for want of bidders. In *People* v. *Smith,* 94 Ill. 226, it was ruled that on application for judgment against lands for taxes it is not important to inquire whether the judgments for taxes for the previous years were in strict conformity with the statute, and that under the statute relating to the revenue, where a forfeiture of the land has accrued to the State, the back taxes, with interest and costs, are to be added to the current taxes, regardless of the fact whether all the formalities required by statute have been observed prior to rendering the judgments as to the preceding years. The remedy, if any existed in such cases, was by appeal from such judgments. In *Belleville Nail Co.* v. *People,* 98 Ill. 399, it was held forfeited land was subject to 'penalties, interest and costs,' under the 129th section of the Revenue act, when such land had, in

fact, been forfeited, whether in due form or not. The principle of the cases cited must control the present decision. The land in question was, in fact, forfeited to the State for every year prior to and including 1877 for which the property is charged with back taxes and with penalties, interest and costs, and it is unimportant whether the judgments under which the land was offered for sale conformed in every respect to the requirements of the statute."

Inasmuch as the tax records on their face show more than two forfeitures for the same description of land, it is clear that the court had jurisdiction to proceed in equity under the provisions of section 253 of the Revenue act. No defense on the merits having been offered and the court having given the plaintiffs in error credit for everything shown to have been paid, we must conclude that the court did not err in entering a decree of foreclosure.

Finally, it is argued that the court erred in approving the sale at which Cook county became the purchaser. In this there was no error. (*Douthett* v. *Kettle,* 104 Ill. 356.) It is, in any event, a question in which plaintiffs in error are not interested. While the county purchased the property in its own name, it necessarily bought and holds the same as agent for the various taxing bodies, including the People of the State of Illinois, for which it was acting. (*People* v. *Kimmel,* 323 Ill. 261.) If there was any error in this respect it concerns the people as a whole and the various taxing bodies and not plaintiffs in error, as it can make no difference to them who purchased or how the payment was made, so long as the owners received proper credit.

The decree of the superior court of Cook county is affirmed.

*Decree affirmed.*

Mr. CHIEF JUSTICE ORR and Mr. JUSTICE DEYOUNG, specially concurring: We concur in the result but not in all that is said in the opinion.