(No. 26634.—

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.* HOME REAL ESTATE IMPROVEMENT CORPORATION *et al.* —(SCHOOL DISTRICT No. 88 *et al.* Appellants.)

*Opinion filed May 13, 1942—Rehearing denied June 11, 1942.*

THOMAS TIGHE, and CHARLES LIEBMAN, (ALICE M. BRIGHT, of counsel,) for appellants.

THOMAS J. COURTNEY, State's Attorney, (MARSHALL V. KEARNEY, JACOB SHAMBERG, and NEAL J. MCAULIFFE, of counsel,) for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

This is an appeal from an order of the circuit court of Cook county which approved a sale of 12 parcels of real estate pursuant to a decree foreclosing general tax liens and from an order denying appellants leave to file objections to the sale.

Taxes were unpaid on part or all of the property for the years 1929 to 1939, inclusive, in the amount of $28,675.22, of which $16,647.08 was principal and $12,038.14 was interest and penalties. A decree foreclosing the tax lien was entered October 30, 1941. November 25, 1941, a sale was had under that decree and one Henry Aldeen bid in the property for the amount of $12,000. A report of sale was made and the sale approved by the court January 13, 1942.

The appellants are the Trustees of Schools of Township 39, School District 88, and Township High School District No. 209. The lands are located in these school districts and they will get part of the proceeds of the sale.

December 16, 1941, attorneys for the appellants made a motion for a rule that notice of the proceedings thereafter to be had in the cause be served on them. This motion was denied. After the sale was had, appellants asked leave to file written objections to the confirmation of the sale on the ground the amount of the bid was inadequate. They admitted that they could not produce a higher bidder at another sale and stated that they had no funds and could not purchase it themselves. The judge denied the motion and held that appellants were not interested parties to the proceedings, that they were beneficiaries only of the proceeds of the sale when and if there should be any; and that the State's Attorney represented the people of the State of Illinois, in whom the law vests the right of foreclosure. Ill. Rev. Stat. 1941, chap. 120, par. 697.

Appellants base their alleged right to receive notice and file objections on the claim that since they would receive part of the taxes when collected, they were beneficial owners. To support this claim, they rely on *People v. Straus,* 355 Ill. 640. In that case the county was the purchaser at the tax foreclosure sale and this court held that the delinquent taxpayer could not question its right to buy. It was said that the county bought and held the property as agent for the various taxing bodies.

There is nothing in the *Straus case* which puts a duty on the county to bid at the foreclosure sale, nor is there any statement that a deficiency judgment should be obtained against the property owner. That case does not state that the various taxing bodies are proper parties plaintiff.

The statute (Ill. Rev. Stat. 1941, chap. 120, par. 697) provides that the suit shall be brought in the name of the people of the State of Illinois and the State's Attorney is the proper party to institute the suit.

The point is not raised but the duty rests upon us to determine whether we have jurisdiction of this direct appeal from the circuit court. Appellants raise no question as to

the foreclosure or any of the steps taken in it prior to the sale. There is no dispute as to what part of the delinquent taxes would be payable to the school districts when collected. There is no dispute between a taxpayer and a municipality or other taxing body that has levied a tax. The question relating to the revenue can be at issue only when a recognized authority of the State, or someone acting in its behalf, or some political subdivision thereof, authorized by law to assess and collect taxes, is attempting to proceed under the law, and questions arise between the taxing body and those from whom taxes are demanded. *People ex rel. De Leuw & Co.* v. *Village of Midlothian,* 370 Ill. 223; *Trustees of Schools* v. *Board of School Inspectors of Peoria,* 208 id. 73; and *Reed* v. *Village of Chatsworth,* 201 id. 480.

No such question exists here and the revenue is not involved. This court is without jurisdiction and the cause is transferred to the Appellate Court for the First District.

*Cause transferred.*