Village of Palatine, Appellee, v. Palanois Estates, Inc. et al. Blanchard Securities Company et al., Appellants.

Gen. No. 42,566.

Opinion filed. June 21, 1943.

CUMMINGS & WYMAN, of Chicago, for appellants; AUSTIN L. WYMAN, of Chicago, of counsel.

THOMAS A. MATTHEWS, of Chicago, for certain appellee.

BLUFORD, KRINSLEY, SCHULTZ & VOORHEIS, of Chicago, for certain other appellee; VICTOR HEDBERG, of Chicago, of counsel.

MR. PRESIDING JUSTICE MATCHETT delivered the opinion of the court.

In a proceeding to foreclose assessment liens under section 84—56, chapter 24 of the Ill. Rev. Stat. [Jones Ill. Stats. Ann. 21.2266], with others the holders of the liens were made defendants. They answered, filed a cross complaint which plaintiff answered, and plaintiff replied to the answers. After notice to all the parties there was a hearing on a day set, at which defendants did not appear, and on June 26, 1942, a decree of sale and foreclosure was entered which defendants have not preserved in the record and from which they have not appealed. Afterwards there was a petition by defendants to set aside the decree, denied, and another petition to modify the decree so as to show that "no proofs of any kind were offered or permitted to be offered" in support of said petition to set the decree aside, which was also denied. There was a sale by the county treasurer after due notice, as required by statute, and decree. Defendants objected to the confirmation of the sale and objected to the approval of the report of sale and distribution. The objections were overruled and the sale confirmed. Defendants appeal from the order of July 23rd denying their petition to set aside the decree and from the orders of Septem-

ber 10, 1942, denying the petition to vacate and approving the report of sale and distribution.

In the petition to vacate, with other things defendants set up that they were not present when the cause was set for hearing, when it was heard or when the decree of foreclosure and sale was entered. They had due and timely notice and their petition to vacate discloses that any failure to be present on any of these occasions was through a failure on their part to use due diligence. A petition of this kind is addressed to the discretion of the court and will not be reversed except for abuse. We hold there was no abuse of discretion here. Rule 11 of the circuit court; *Barrett v. Queen City Cycle Co.*, 179 Ill. 68; *Hartford Life & Annuity Ins. Co. v. Rossiter*, 196 Ill. 277; *Nitsche v. City of Chicago*, 280 Ill. 268. As to both the petition to set aside as well as the petition to modify the decree it is to be noted that in reviewing the same, the same presumption in favor of the order or decree obtains as in the case of a judgment at law. See chapter 110, section 64(3) of the Civil Practice Act [Jones Ill. Stats. Ann. 104.064]; *First Nat. Bank of Chicago v. 10 West Elm St. Bldg. Corp.*, 277 Ill. App. 337; *Lambert v. Dabbs*, 302 Ill. App. 400; *In re Estate of Murray v. Appeal of Murray*, 310 Ill. App. 121.

The lots subject to this foreclosure are all within the Village of Palatine and number 564, 469 of which are owned by one of the defendants, Palanois Estates, Inc. All are vacant and unimproved. In their reply brief defendants, without waiving other points, say there are two primary issues: first, whether in a special assessment foreclosure under this statute a sale can properly be made which does not discharge the lien of the general taxes; and secondly, whether under the conceded facts it was an abuse of discretion for the court to approve a sale for 10 per cent or less of the value of the property subject to the liens foreclosed. There was a complaint pending to foreclose a general

tax lien against this and other property when the instant foreclosure was begun. Defendants say it is apparent (independent of any law cited) general tax and special assessment foreclosure proceedings must be brought together, and that there must be only one sale. They say there is no authority under the law for the maintenance of an action to foreclose general taxes and special assessments in separate proceedings. They cite to this point *People v. Taylorville Sanitary Dist.,* 371 Ill. 280. We hold it is not the law that liens for general taxes and special assessments must be foreclosed at the same time. If this were the rule of law a municipality could never foreclose a lien under section 56 of the Local Improvement Act unless the State should first choose to foreclose the lien for the general taxes and make the municipality a party defendant to the foreclosure. The municipality, of course, has no right to sue the State. The construction for which defendants contend would in effect nullify section 56 of the Local Improvement Act. Nor is the contention sustained by the opinion of the court in *People v. Taylorville Sanitary Dist.,* 371 Ill. 280. There the State filed a bill to foreclose a lien for the general taxes and also certain liens for special assessments of the Sanitary District of the City of Taylorville which had been returned delinquent. The Supreme Court held there was a parity of lien between the general taxes and special assessments, and in that particular case, of course, there could be only one sale for general taxes and special assessments. Indeed, there would have been only one sale of the premises in the suit even if one of the liens had been held subordinate to the other. Manifestly, the authority of the municipality to foreclose special assessment liens is solely by virtue of section 56 of the Local Improvement Act. The Village has no right to foreclose for general taxes. The statute gives it the right to foreclose special assessment liens. If the municipality has no right to foreclose

special assessment liens without also foreclosing the general taxes, then it is precluded from exercising the power conferred upon it expressly by the statute. It has been held that the Village has a right to foreclose liens for special assessments. *Village of Downers Grove v. Glos.,* 307 Ill. 293. The first question raised by defendants must, therefore, be answered in the affirmative. There can be a proper sale in a special assessment foreclosure proceeding which does not discharge the lien of general taxes.

The second question raised by defendants is, whether under the conceded facts in this case it is an abuse of the court's discretion to approve a sale for 10 per cent or less of the value of the property. This sale was made for less than 10 per cent of such value. We are to decide whether the approval of this order of sale and distribution was an abuse of discretion. Defendants say it is because of unusual circumstances, not disputed. They do not question that notice generally (and particularly to these defendants) was given. They had an opportunity to bid at the sale. They offered no higher price then; they offer no higher price now. It is said that certain bondholders requested the foreclosure and would be especially benefited by it. These bondholders had a right to demand foreclosure. Under the law it was the duty of the Village to comply with their request. *Village of Lansing v. Sundstrom,* 379 Ill. 121. In the same case it was said that a contention that the proceeding was unlawful because it would subordinate the lien of special assessments to liens for general taxes "is without force." It is argued that in order to protect the defendants the decree should have fixed an upset price. That was a matter within the discretion of the trial judge. It was held this was not a proper objection to the approval of the report of sale in *People ex rel. Schreiner v. Courtney,* 380 Ill. 171. It is said the Village had a personal interest in that it desired to get the titles of all real

estate within its limits into a situation where it would again be paying all taxes levied against it, generally and specially. This is not a wicked motive. Indeed, the purpose would seem to be laudable. There is no proof of fraud or irregularity. The mere fact of a sale for 10 per cent or thereabouts of the value of the property sold in the absence of some fraud or illegality, where no higher offer is received, is no reason for refusing to approve the sale. *People v. Anderson*, 380 Ill. 158; *People v. Home Real Estate Imp. Corp.*, 316 Ill. App. 437. It would seem defendants ought to show something more than that the times and circumstances, so far as they are concerned, are unpropitious. Assuming the truth of all the facts alleged by defendants, we hold the court did not abuse its discretion in entering the order approving the report of sale and distribution or err in entering the other orders from which defendants appeal.

*Affirmed.*

O'CONNOR, J., concurs.