People of the State of Illinois, Appellee, v. Flora L. Sandvoss et al., Defendants (George L. Thon, Appellant).

Gen. No. 9,871.

Opinion filed July 8, 1943. Re-
hearing denied October 5, 1943.

LEONARD C. MEAD, of Geneva, Ill., and GORDON MOF-
FETT, of Naperville, for appellant.

LEE E. DANIELS, State's Attorney, for appellee;
THOMAS H. PRICE, of Wheaton, ROBERT J. SCOTT, of
Glen Ellyn, and GEORGE H. BUNGE, of Downers Grove,
of counsel.

MR. PRESIDING JUSTICE HUFFMAN delivered the opin-
ion of the court.

This was a proceeding under paragraph 216 of the
Revenue Act (ch. 120, sec. 697, Ill. Rev. Stat. 1941
[Jones Ill. Stats. Ann. 119.713]), to foreclose a lien for
general taxes and special assessments against a tract
of real estate situated in Du Page county. Decree for
sale was entered, sale had, and decree confirming re-
port of sale. Appellant Thon filed his petition to
vacate the decree approving the report of sale, on the
ground of inadequacy of price. The petition to vacate
was denied, and appellant brings this appeal.

Inadequacy of price is the only ground embraced in
the petition to vacate. Appellant makes no assignment
of error, but in his brief, argues additional reasons for
reversal. These reasons might be said to fall within
two general groupings—first, that he was a holder of
one of the special assessment bonds, and was not made
a party to the suit to foreclose; second, that the action
to foreclose for special assessments could not be joined

with the action to foreclose for general taxes, and the State's Attorney was not a proper person to institute the suit.

Appellee with respect to petition to vacate, replies that a tax foreclosure sale will not be disturbed for mere inadequacy of price, in the absence of proof of fraud or some fatal irregularity. This is the general rule with respect to other forms of judicial sales and is based on the fundamental principle that public policy requires stability to such sales. *Shultz v. Milburn,* 366 Ill. 400. The same rule has been held to apply to tax foreclosure sales. *People v. Anderson,* 380 Ill. 158.

With respect to appellant's contention that a bondholder should be made a party to such proceeding, we find that bondholders are not considered necessary parties to an action of foreclosure of special assessment lien. *Village of Lansing v. Sundstrom,* 379 Ill. 121. Appellant urges that being a holder of one of the local improvement bonds, he was beneficially interested in the proceeds from the sale of the property. It clearly appears from observations made in the case of *People v. Home Real Estate Imp. Corp.,* 379 Ill. 536, that the fact one would receive part of the taxes collected by virtue of such a sale, is not sufficient to permit him to file objections to the confirmation of the sale on the ground of inadequacy of price. This case was transferred to the Appellate Court of the first district, where the order of the trial court denying the right to file such objections to the confirmation of sale was approved. (316 Ill. App. 437.)

With respect to appellant's contention that the action to foreclose for special assessments cannot be joined in the same suit with an action to foreclose for general taxes, we find it is held in the case of *People v. Taylorville Sanitary Dist.,* 371 Ill. 280, that in the making of the delinquent list, and entering judgment for sale, and selling, no distinction is made between

general taxes and special assessments; that when it comes to entering judgment, the law provides it shall be for taxes, special assessments and penalties; and that when sale is made, it must be to the person bidding the amount of such taxes and special assessments due, with the least rate as penalty; and that if it does not sell, the property is forfeited to the State (p. 284). On p. 286, of the same case, it is said with respect to the sale of land for delinquent general taxes and special assessments that, "the statute clearly contemplates there will be but one sale, and that for the total amount of the general taxes and special assessments certified as delinquent, and in case there is no sale, the property is to be forfeited to the State. When suit is brought to foreclose the lien of the taxes so forfeited, there is but one sale to realize the amount then due under the several forfeitures, . . . . ." Thus we see that one action may be had for general taxes and special assessments, to realize the amount due under the several forfeitures.

As to appellant's contention that the State's Attorney is not a proper person to institute this suit, we find it is held in *People v. Home Real Estate Imp. Corp., supra*, on p. 538, with respect to general taxes, that such a suit shall be brought in the name of the People, and that the State's Attorney is the proper party to institute the suit.

Thus, we see that the State's Attorney is a proper person to institute a suit of this character where general taxes are concerned, and further, when there is also a forfeiture for special assessments, suit to foreclose such lien may be joined with the suit to foreclose the lien for general taxes. Therefore, it must be concluded that the State's Attorney was a proper person to institute this suit.

Due to the disposition made of this case, the motion of appellee to dismiss the appeal has not been considered.

The order of the circuit court denying appellant's motion is affirmed.

*Order affirmed.*