People of State of Illinois, Appellee, v. D. P. Cutler et al., Defendants. Frances S. Keye, Appellant.

Gen. No. 9,975.

Opinion filed July 20, 1944.

CHARLES H. DAVIS, of Rockford, for defendant-appellant.

MAX A. WESTON, State's Attorney, and WILLIAM H. GATES, Assistant State's Attorney, for appellee; CITY OF ROCKFORD, intervening petitioner and CHARLES S. THOMAS, of Rockford, corporation counsel.

MR. JUSTICE WOLFE delivered the opinion of the court.

A petition was filed in the circuit court of Winnebago county, Illinois, to foreclose a lien for general taxes and special assessments against 12 vacant lots situated in the City of Rockford, in said county. A decree of sale of said land was entered by the court, and the same was duly advertised, and the sale was regularly held, pursuant to said decree. A decree confirming the report of sale was entered December 31, 1943. The City of Rockford and the People of the State of Illinois

filed an amended petition in which it prayed that an order be entered setting aside the confirmation of the sale, and that a bid of $150 for each of the 12 lots be accepted, and approved by the court.

Francis S. Keye, the feeholder of said lots, filed his answer to said petition. Upon a hearing the court set aside its former order of confirmation of the sale and ordered a resale of the lots. It is from this order that Francis S. Keye has perfected an appeal to this court.

The amended petition set forth the former pleadings and orders in the foreclosure sale of the lots. It alleges that Mr. A. Gunnard Anderson bid $600 for the same, and that he has now agreed to pay $1,200 for the same lots; that he told Elmer O. Strand, the city clerk, that he would pay the sum of $150 per lot; that Elmer O. Strand didn't know that a sale had been made for the amount of $600, or of the order confirming the sale, until after the decree was entered; that if the order is not set aside, the various taxing bodies of the county will suffer a loss; that A. Gunnard Anderson is ready, willing and able and does now offer the same sum of money ($1,200) for said premises.

The answer of Francis S. Keye admits the sale of the lots, but states he has no information relative to what A. Gunnard Anderson will bid, or may have offered to bid before the sale of the lots. The answer charges that any information or knowledge that Elmer O. Strand, as city clerk, had relative to the sale of these lots, was the knowledge of the City of Rockford, and that the City of Rockford should be bound by the order confirming the sale. The answer further states that said sale was duly advertised and regularly held pursuant to the decree of the court, and was struck off to the highest and best bidder who was A. Gunnard Anderson; that he is one, and the same person who is alleged to be now offering to pay $1,200 therefor; that the sale was duly approved by the court, and that there was no fraud, or irregularity in connection with

said sale. There was no reply filed to the answer.

Elmer O. Strand was the only witness called at the trial of this case. He testified that A. Gunnard Anderson verbally agreed to pay $150 for each of the lots in question. He further stated that this was under the condition that all of the lots would be sold, but that only 12 were offered for sale in this proceeding. The record is absolutely bare of any evidence to support the claim in the petition, "that A. Gunnard Anderson was ready, willing and able, and does now offer to pay the said sum of money, ($1,200) for said premises, as above described," or that there is any prospective bidder that will bid as much at a future sale as A. Gunnard Anderson bid at the first sale, which according to the report filed, was $780 instead of $600.

After the case was submitted to this court and agendaed, the appellees filed a request to amend the abstract by showing a part of Elmer O. Strand's testimony as follows: "Q. Is there $600 now on deposit in the County Treasurer's Office? A. I have been informed to that effect." The request was denied, because it did not show any facts relative to any deposit that A. Gunnard Anderson made with the county treasurer.

In the case of the *People v. Anderson,* 380 Ill. 158, there was a proceeding to foreclose a tax lien, and lots were sold at a very small percentage of what the actual value of the lots were shown to be. The bondholder representing the special assessments against the land filed objections to the court's approval of the sale. The objections were overruled, and the court entered an order approving the sale. An appeal was perfected to the Supreme Court. It is stated in the opinion as follows: "Admittedly, at a sale of this sort the full market price cannot be procured unless some one really wants the land, but it is insisted the facts shown by the record established that the prices

at which the property was sold are so grossly inadequate as to shock the conscience, and that where the property is sold at such a low price, this fact alone is sufficient to require the chancellor to refuse to approve the sale.

"The primary purpose of tax foreclosure proceedings is to clear up hopeless tax delinquency and to put the property again on a tax-paying basis. The statute is remedial. (*People v. Straus,* 355 Ill. 640.) It was never intended that the sale be required to be for the full amount of the lien foreclosed. (*French v. Toman,* 375 Ill. 389.) Where a foreclosure sale is made at public auction for cash to the highest bidder and in the manner prescribed by the statute, the presumption obtains that the property has produced its entire value. (*Ogle v. Koerner,* 140 Ill. 170.) Mere inadequacy of price is no reason for upsetting a judicial sale unless there are other irregularities. (*Straus v. Anderson,* 366 Ill. 426; *Magnes v. Tobias,* 337 id. 605; *Block v. Hooper,* 318 id. 182.) The rule that judicial sales will not be set aside because of inadequacy of price in the absence of proof of fraud or some irregularity in the sale has been applied by this court to tax foreclosure sales on the principle that stability should be given judicial sales. The requirements of the statute as to publication having been met in this instance, there being no evidence in the record of any fraud in conducting the sale herein or of any other irregularity in the sale, and the defendants having produced no evidence as to what price might be bid should a second sale be held or that any greater proceeds would be realized at such sale, it cannot be said that the chancellor abused his discretion in approving the sale herein."

It is contended by the appellee, that the appellant, the owner of the property who was primarily liable for the taxes, had no right to question whether or not this order confirming the sale, should be vacated, and

cites the case of the *People v. Straus,* 355 Ill. 640. The questions involved in the present case are entirely different from those in the *Straus* case. In the *Straus* case the question is whether or not the People had the right to purchase the lots at a foreclosure sale, and whether the attorneys, not state's attorney, were entitled to represent the People in the tax foreclosure suits. We find no merit in this contention of the appellee.

It is conceded that the foreclosure sale was held in strict conformity with the decree of the circuit court. Everything was done openly and above board. The only reason why they ask that the decree confirming the sale be vacated, is the inadequacy of the sale price. If the property were sold at a resale for $1,200, there would be only $420 more than the original bid. As stated in the case of *People v. Anderson, supra,* a tax foreclosure sale should not be disturbed for mere inadequacy of price.

The decree of the circuit court of Winnebago county is hereby reversed and the case remanded.

*Reversed and remanded.*