(No. 30247.— )

SARA BROMBERG, Appellant, *vs.* FRANKLIN M. KULP, Appellee.

*Opinion filed November 20, 1947.*

BROWN, DASHOW & ZIEDMAN, of Chicago, for appellant.

JOHN P. McGOORTY, JR., of Chicago, for appellee.

450

Mr. JUSTICE WILSON delivered the opinion of the court:

The plaintiff, Sara Bromberg, filed her amended complaint in the circuit court of Cook County against the defendant, Franklin M. Kulp, seeking specific performance of a contract to sell real estate. Defendant's motion to strike was sustained, plaintiff elected to abide by her pleading, and a decree was entered dismissing the amended complaint for the want of equity. Plaintiff prosecutes this appeal, a freehold being necessarily involved. *Lewis* v. *McCreedy*, 378 Ill. 264.

From the pleadings it appears that, on July 29, 1946, plaintiff, the owner of two lots in the village of Oak Lawn, entered into a written contract with defendant to sell him the property for $1500. Defendant paid $200 as earnest money to plaintiff. On October 21, 1946, conformably to the contract, plaintiff delivered to defendant a copy of an abstract of title brought down to date. Thereafter, on November 1, 1946, defendant submitted to plaintiff an opinion of title, noting, among others, two objections, namely, the liens of two special assessment warrants, referred to as warrants Nos. 10 and 15. Special assessment warrant No. 10, payable in five installments, was confirmed May 3, 1929. Warrant No. 15, payable in ten installments, was confirmed June 6, 1929. Illustrative are the relevant facts with respect to the first installment under warrant No. 10. In the records of the county clerk, in Tax Judgment, Sale, Redemption and Forfeiture Record 732, page 23, opposite a description of the premises in question, appears the following notation: "Withdrawal cancelled— Paid to Village Collector. See File 19856. M. J. Flynn, Co. Clerk, by Carrick." The special assessment records of Oak Lawn contain a notation that, by action taken on June 25, 1946, the board of trustees, on July 26, 1946, sold and assigned the special assessment lien under warrant No. 10 to M. Revzen and that, thereafter, the lien was satisfied and discharged by the assignee. Defendant noti-

fied plaintiff of his refusal to accept a warranty deed, as provided in the contract, so long as the record with regard to the objections described remained unchanged.

The sole issue made by the pleadings and presented for decision upon this appeal is whether, as a matter of law, the public records show the special assessment liens to have been discharged. Plaintiff contends that the public records show the liens of the special assessment warrants to be completely discharged. To sustain the decree, defendant maintains that the village of Oak Lawn lacked authority to sell or assign the special assessment liens for less than their full amount, and that the recording of the sale and assignment of the liens, without showing the amount paid therefor, was insufficient to establish the sales and assignments as valid and that, in consequence, a subsequent satisfaction or discharge by the assignee, Revzen, was of no greater efficacy, and the liens remained as clouds on the title to the premises. If the special assessment liens are valid objections to title, plaintiff's action falls. Conversely, if they are not valid objections, plaintiff is entitled to specific performance of the contract.

The applicable statute (Ill. Rev. Stat. 1945, chap. 24, par. 84-56,) declares that judgments in local improvement proceedings shall be liens on behalf of the municipality making an improvement. It is the municipality, and not the holders of bonds or vouchers, which owns the lien of a special assessment. The bondholders may compel the municipality to perform its duty and use all lawful means, including foreclosure, to collect the taxes out of which the bondholders are to be paid. (*People* v. *Anderson,* 380 Ill. 158; *Village of Lansing* v. *Sundstrom,* 379 Ill. 121.) In short, the liens of special assessment warrants Nos. 10 and 15 were owned by the village of Oak Lawn prior to July 26, 1946. The statute (Ill. Rev. Stat. 1945, chap. 24, par. 84-56,) provides further: "The municipality on behalf of which such a lien is created may sell and assign the lien.

Either the municipality or the assignees of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien in the same manner that foreclosures are permitted by law in case of delinquent general taxes. However, no forfeiture of the property sought to be foreclosed shall be required as a prerequisite to such foreclosure." It is settled that the municipality may foreclose the lien of special assessments. (*Village of Lansing* v. *Sundstrom*, 379 Ill. 121.) The quoted statutory provision not only empowers the municipality to foreclose the lien but, in addition, to sell and assign the lien. The law does not require the municipality to use the process of foreclosure of a special assessment lien to the exclusion of a sale and assignment. It may well be that a municipality may prefer a sale of special assessment liens as a more desirable method of salvage for the bondholders. In the event of a sale and assignment, the assignee, in turn, is authorized to initiate foreclosure proceedings.

The statute authorizing the sale and assignment of special assessment liens does not ordain that a sale and assignment shall only be for the full amount of the lien. Recognizing that the statute does not expressly provide a municipality must sell a special assessment lien for its full amount and obtain full consideration for its assignment, defendant places reliance on portions of the Revised Cities and Villages Act, its provisions in regard to local improvements, and an act relative to the payment of delinquent special assessments and the remission of penalties. The gist of his argument is that a sale and assignment of a special assessment lien for less than the full amount constitutes a reduction in special assessment taxes, and that they can be reduced only where the Cities and Villages Act specifically so provides. In this connection, the village records do not disclose the amounts for which the village of Oak Lawn sold the special assessment liens to Revzen, and defendant's assumption that they were sold for less

than their full principal amount is purely gratuitous. Apart from the fact that the question presented here does not involve reduction of special assessment taxes, the statutory provisions do not aid defendant. So far as pertinent, section 16-10 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1945, chap. 24, par. 16-10) deals with a particular situation by permitting the corporate authorities of a municipality to reduce the amount of taxes or special assessments ordered to be levied or collected in the catastrophic event of widespread destruction of property by fire. Section 84-60 of the act (Ill. Rev. Stat. 1945, chap. 24, par. 84-60) provides for a new special assessment to be made upon delinquent property, under the conditions prescribed, within five years after the confirmation of the original assessment. Here, the assessments involved were levied in 1929, and this litigation was instituted in 1947. Section 1 of an act in relation to the payment of delinquent special assessments and the remission of penalties, interest and costs accrued and accruing thereon provides for the remission of penalties in certain cases of delinquent assessments where relief is sought on or before June 1, 1944. (Ill. Rev. Stat. 1945, chap. 24, par. 808.26.) Upon the basis of the foregoing statutory provisions, defendant asserts that municipalities are required to collect the whole of a special assessment levied and may remit only penalties, interest and costs pertaining thereto and, in particular, that a municipality has the power to reduce special assessments only in cases where the property affected is destroyed by fire, pursuant to section 16-10 of the Revised Cities and Villages Act. The conclusion does not follow that when the General Assembly empowered municipalities to sell and assign the liens of special assessments they could do so only for the full amount of the liens or that, as defendant insists, a sale or assignment for a lesser amount is void.

Foreclosure of special assessment liens, admittedly permissible, often results in sales for far less than the full

amount of the lien. Indeed, a sale following a special assessment foreclosure proceeding for less than ten per cent of the amount due has been held valid. (*People* v. *Anderson*, 380 Ill. 158; *Village of Palatine* v. *Palanois Estates, Inc.* 319 Ill. App. 474.) No good reason suggests itself for declaring invalid a sale and assignment by a municipality of a special assessment lien for less than the amount due. In the absence of a statutory inhibition to the contrary, a sale and assignment of a special assessment lien may be made for less than the full amount of the lien.

Since a municipality may sell and assign special assessment liens, the purchaser of a lien may direct its release. Foreclosure of special assessment liens is, of course, an available remedy, but the law does not require a foreclosure if the assignee of the lien and interested parties reach an amicable agreement for the settlement of the matter otherwise. The law in this regard is permissive and not mandatory. Revzen, the assignee in the present case, having made a disposition of the liens satisfactory to himself, directed the village collector to discharge the liens on his records. This, the assignee had a right to do.

Public records required by law to be kept show the special assessment liens in controversy to be fully satisfied. This being so, a *bona fide* purchaser is entitled to rely on these records. The presumption obtains that the challenged entries would not have been made unless the liens of the special assessments were actually discharged. Whether settled for the actual amount due or for a lesser sum is of no concern to defendant. Moreover, the presumption obtains that the full amount of the special assessments was paid, unless it appears by the records to the contrary. The records were required by law to be kept, and they are conclusively presumed to import absolute verity. (*Trust Company of Chicago* v. *Village of Lincolnwood*, 385 Ill. 236; *Jackson Park Hospital Co.* v. *Courtney*, 364 Ill. 497.) Here, the village of Oak Lawn, acting within the scope

of the authority vested in it by section 84-56 of the Revised Cities and Villages Act, sold and assigned its liens on the two lots owned by plaintiff. From the records of the village collector it affirmatively appears that the assignee's claim has been satisfied and the liens discharged, and from the county clerk's records of the delinquent special assessments that they have been paid. Under these circumstances, plaintiff's deed to defendant, a *bona fide* purchaser, will convey the property free from the lien of the special assessment installments.

The decree of the circuit court of Cook County is reversed and the cause remanded, with directions to overrule defendant's motion to strike plaintiff's amended complaint.

*Reversed and remanded, with directions.*