(No. 31763.—)

THE PEOPLE OF THE STATE OF ILLINOIS, Appellee, *vs.*
FOREST PARK METHODIST CHURCH *et ál.*—(VILLAGE
OF RIVERSIDE, Appellant.)

*Opinion filed January 18, 1951—Rehearing denied March 19, 1951.*

TENNEY, SHERMAN, ROGERS & GUTHRIE, of Chicago,
(S. ASHLEY GUTHRIE, and JOHN P. FORESTER, of counsel,)
for appellant.

JOHN S. BOYLE, State's Attorney, (GORDON B. NASH,
and JULIA M. HAGERTY, of counsel,) all of Chicago, for
appellee.

Mr. JUSTICE WILSON delivered the opinion of the court:

In November, 1949, the State's Attorney of Cook County, at the request of the county board of commissioners, brought an action in the name of the People of the State in the circuit court of Cook County to foreclose the lien of delinquent general taxes and special assessments on certain vacant lots in the village of Riverside, only one of which is involved here. At the time the action was commenced, the property had been forfeited to the State for the nonpayment of general taxes in each year from 1930 to 1946, inclusive, and certain installments of three special assessments, confirmed in 1925, had remained unpaid for many years. As to the special assessments, however, there was only one forfeiture, all other installments having been withdrawn from collection at annual tax sales. The delinquent taxes, including penalties, costs and interest, aggregated $4121.62, of which the special assessments accounted for $1178.15. A person interested in acquiring the lot had paid the general taxes for 1947 and 1948, in full, and guaranteed a minimum bid of $1032 at the tax foreclosure sale.

The owner of the property and the village of Riverside, the owner of the lien of the special assessments, were made parties defendant. The property owner was defaulted, but the village, hereafter referred to as defendant, answered, denying the right of the People to foreclose the special assessment liens. A motion by the People to strike the answer was sustained and the court entered a decree foreclosing the lien of both the general taxes and the special assessments and directing a single sale to satisfy all liens. The defendant village prosecutes a direct appeal, the revenue being involved and the State being a party in interest.

The present action was brought under section 216 of the Revenue Act of 1939, (Ill. Rev. Stat. 1949, chap. 120, par. 697,) which ordains, in pertinent part: "The taxes upon real property * * * shall be a prior and first lien

on such real property * * * until the same are paid or until the real property is sold * * * which lien may be foreclosed in equity, in any court of competent jurisdiction in the name of the People of the State of Illinois, whenever the taxes for two or more years, upon the same description of property, shall have been forfeited to the State, * * *." This is a re-enactment of section 253 of the Revenue Act of 1872, (Ill. Rev. Stat. 1937, chap. 120, par. 238,) as amended in 1881, (Laws of 1881, p. 130,) when the foreclosure of tax liens in equity was authorized for the first time.

The principal question presented for determination is whether the People have the right to foreclose the lien of both general taxes and special assessments without the consent and over the objection of defendant, the owner of the lien of the special assessments. Defendant's only interest in the lien is that of a trustee to collect the installments of the special assessments for the benefit of the holders of its special assessment bonds. (*Bromberg* v. *Kulp,* 398 Ill. 449; *People* v. *Anderson,* 380 Ill. 158.) No question is made of defendant's right to foreclose its lien in a separate proceeding, where the People have not acted, (*Village of Lansing* v. *Sundstrom,* 379 Ill. 121,) or in a counterclaim to an action where the People seek to foreclose the lien of general taxes only. *People* v. *Anderson,* 380 Ill. 158.

In support of its contention that the People have no right to initiate an action to foreclose the lien of a special assessment, defendant asserts that the word "taxes," as used in section 216, is limited to general taxes and does not include special assessments. This is not true. Section 1 of the Revenue Act, (Ill. Rev. Stat. 1949, chap. 120, par. 482,) defining the terms used in the statute, provides that the word "taxes" shall be construed to mean "Any tax, special assessments or costs, interest or penalty imposed upon property." In *People* v. *Taylorville Sanitary Dist.* 371 Ill. 280, we observed that, "Since the term 'taxes'

as used in the paragraph authorizing a suit to foreclose lands forfeited to the State is declared by the statute itself to include special assessments, it is difficult to see any room left for construction," and held, among other things, that the legislature intended the word "taxes," as it appeared in the provisions of the Revenue Act of 1872, to include special assessments as well as general taxes. In conformity with our decision in the *Taylorville case,* the Appellate ·Court has already specifically held that the liens of both general taxes and special assessments may properly be foreclosed in a single action. *People* v. *Sandvoss,* 320 Ill. App. 239.

Defendant further contends that proceedings under the Revenue Act to foreclose special assessment liens are subject to the provisions of the Revised Cities and Villages Act relating to special assessments and that the present action cannot be maintained because it is in conflict with various provisions of article 84 of the Revised Cities and Villages Act. Section 71 of article 84, (Ill. Rev. Stat. 1949, chap. 24, par. 84-71,) provides that "The general revenue laws of this State, * * * except as otherwise provided in this article, shall be applicable to proceedings to collect the special assessments and special taxes provided for in this article."

Specifically, defendant argues that section 84-56 of the Revised Cities and Villages Act, (Ill. Rev. Stat. 1949, chap. 24, par. 84-56,) gives it the exclusive control of its special assessment liens with the right to foreclose them or not as it may elect. Section 84-56 provides that judgments in local improvement proceedings shall be liens on behalf of the municipality making the improvement and declares that "The municipality on behalf of which such a lien is created may sell and assign the lien. * * * Either the municipality or the assignees of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien in the same manner that foreclosures are permitted by law in

case of delinquent general taxes. However, no forfeiture of the property sought to be foreclosed shall be required as a prerequisite to such foreclosure." To say that the quoted language gives a municipality exclusive control of its special assessment liens is to read into the statute something which is plainly not there. Section 84-56, to the extent relied upon by defendant, is permissive only. While a municipality "may file a bill to foreclose the lien" in its own name, the right of the People to bring an action to foreclose the lien, granted by section 216 of the Revenue Act, is not excluded.

Prior to the 1915 amendment (Laws of 1915, p. 287,) to section 56 of the Local Improvement Act of 1897, (Ill. Rev. Stat. 1913, chap. 24, par. 652,) of which section 84-56 of the Revised Cities and Villages Act is a re-enactment, the lien of unpaid special assessments existed in favor of the People, and not the interested municipalities, and the People, alone, had the right to institute foreclosure procedings. (*O'Connell* v. *Sanford,* 256 Ill. 62.) The authority of the People to foreclose special assessment liens was, at that time, derived from section 253 of the Revenue Act of 1872, as amended, of which section 216 of the Revenue Act of 1939 is a re-enactment. Had the General Assembly intended to extinguish the pre-existing right of the People to foreclose special assessment liens, it undoubtedly would have employed appropriate language to accomplish its purpose, either by including a provision to this effect in section 56 of the Local Improvement Act or by an amendment to section 253 of the Revenue Act. Since the General Assembly has never so provided but has merely granted municipalities permissive, nonexclusive authority to foreclose the lien of special assessments, it follows that the respective rights of municipalities and the People to foreclose special assessment liens are concurrent. In this respect, section 84-56 of the Revised Cities and Villages Act is complementary to, rather than in conflict with, sec-

tion 216 of the Revenue Act of 1939. As a result, while a municipality may bring an action to foreclose or not as it deems fit, (*Bromberg* v. *Kulp,* 398 Ill. 449,) its rights in the matter are, at all times, subject to the equal right of the People to institute foreclosure proceedings under the remedial provisions of section 216 of the Revenue Act.

Defendant also relies upon the following provision of section 84-72 of the Revised Cities and Villages Act (Ill. Rev. Stat. 1949, chap. 120, par. 84-72) : "Any municipality interested in the collection of any tax or special assessment, in default of other bidders, may become a purchaser at any sale of property to enforce the collection of that tax or special assessment * * *. Such a municipality, * * * in default of bidders, may withdraw from collection at such sale any special assessment or installment thereof levied by it on any lot, parcel of land, or property subject to sale. But such a withdrawal from collection shall not operate to cancel the assessment or impair the lien of the municipality so withdrawing it, and the assessment shall remain delinquent and payable at the office of the municipal collector or county clerk * * *. Such a lot * * * may be re-advertised and re-sold at any subsequent tax sale for such delinquent special assessments or installments thereof." Defendant singles out the clause authorizing a municipality to withdraw a special assessment from collection in default of bidders at a tax sale as indicating that a municipality has exclusive control over the method of enforcing its special assessment liens. The text of section 84-72 and several immediately preceding sections indicates that the tax sales referred to are county collector's annual tax sales, not tax foreclosure sales, and, consequently, the provision invoked is foreign to the subject matter of the present inquiry. Furthermore, even if municipalities were authorized to withdraw special assessment liens from collection at tax foreclosure sales, this would not preclude the People from prosecuting the proceeding to a decree of foreclosure and,

in any event, the municipality could withdraw its liens only in default of bidders at the sale.

Defendant further contends that the People have no right to foreclose special assessment liens in the present proceeding, because the property involved had not been forfeited for two or more years for the nonpayment of installments on any of the special assessments. Section 216 of the Revenue Act of 1939 merely declares that the lien of taxes upon real property may be foreclosed "whenever the taxes for two or more years * * * shall have been forfeited to the State." There is no provision that there must be forfeitures for two or more years with respect to each type of tax lien sought to be foreclosed, and a requirement of this character cannot be read into the statute under the guise of judicial interpretation. The general taxes had been forfeited for more than two years and, consequently, the People were authorized to foreclose the lien of both the general taxes and the special assessments. This conclusion is in accord with section 84-56 of the Revised Cities and Villages Act relative to the foreclosure of special assessment liens by cities, towns and villages, where it is ordained that "* * * no forfeiture of the property sought to be foreclosed shall be required as a prerequisite to such foreclosure."

Lastly, defendant asserts that the agreement by the person interested in acquiring the property to pay the general taxes for 1947 and 1948, in full, as a condition precedent to the commencement of the present action by the county board of commissioners destroyed the parity between the liens for general taxes and special assessments and constituted an unlawful preference in favor of the liens for general taxes. The short answer to this is that the liens for general taxes for 1947 and 1948 were extinguished, by payment of the taxes in full, before the present action was instituted and, consequently, not being involved in the foreclosure proceeding, were not before the court and not rele-

vant to the issues involved. The decree complained of contemplates that the proceeds of the foreclosure sale be distributed *pro rata* between the two classes of liens foreclosed and, manifestly, does not destroy the parity between them.

Upon the authority of *People* v. *Taylorville Sanitary Dist.* 371 Ill. 280, and for the reasons stated in this opinion, the decree of the circuit court of Cook County is affirmed.

*Decree affirmed.*