JAMES P. MONAHAN *et al.* Appellants, *vs.* THE CITY OF WILMINGTON, Appellee.

*Opinion filed December 21, 1927.*

1. SPECIAL ASSESSMENTS—*the Local Improvement act must be strictly followed.* The Local Improvement act, provides a complete plan for making local improvements, and as municipalities possess only such powers as are conferred upon them by statute the provisions of the Local Improvement act must be faithfully followed and strictly construed, and the statute is binding on the municipality, the property owner and the contractor.

2. SAME—*when contractor is not entitled to claim for extras.* While a municipality may, under certain circumstances, be bound under an implied contract to pay for labor and material furnished for its benefit and accepted by its officials, a contractor having constructed a local improvement will not be entitled to recover in assumpsit for extra labor, expense and delay caused by city officials where his declaration is based on performance of the work by·contract under the improvement ordinance, alleging liability of the city to pay for the extras out of an excess of assessments collected, as under the statute a contractor making claims for extras to be paid out of the special assessment must present such claims to the county court passing upon the certificate of the completion of the work, and its decision thereon is final.

3. SAME—*sections 73, 83 and 84 of Improvement act are not invalid.* Sections 73, 83 and 84 of the Local Improvement act are not unconstitutional as taking or damaging property without compensation, as depriving an owner or contractor of his property without due process of law, as denying equal protection of the law, nor as impairing the obligations of contracts.

4. SAME—*court cannot render judgment against a city in final hearing under section 84.* The county court, in passing on the certificate of the final completion of a local improvement under section 84 of the Local Improvement act, has no authority to enter judgment against the city and in favor of the contractor for a certain sum to be distributed out of the special assessment fund, and in an action of assumpsit against the city, where one of the counts is based on such judgment, the city may assert the invalidity of the judgment, as it was entered without jurisdiction and may be attacked collaterally.

5. PLEADING—*nature of a pleading is determined by language used.* The nature of a pleading is to be determined by what is alleged therein and not by what the pleader claims he intended to allege.

APPEAL from the Circuit Court of Will county; the Hon. FREDERICK A. HILL, Judge, presiding.

J. W. DOWNEY, and KING, BROWER & HURLBUT, (SAMUEL B. KING, of counsel,) for appellants.

EDWARD R. NADELHOFFER, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellants, James P. Monahan and Edward Monahan, began an action of assumpsit in the circuit court of Will county against appellee, the city of Wilmington. The declaration consisted of seventeen counts. Appellee filed a general and special demurrer to each count except the first. The demurrers were sustained, the common counts were withdrawn, appellants elected to stand by the other counts, the suit was dismissed, and an appeal was prosecuted to this court on the ground that sections 73, 83 and 84 of the Local Improvement act are unconstitutional. For convenience we will refer to appellants as plaintiffs and appellee as defendant.

Counts 2 to 16, inclusive, alleged that on February 1, 1916, defendant passed an ordinance for a system of sewers, the entire cost to be paid by special assessment. On August 8, 1916, plaintiffs entered into a written contract with defendant for compensation in money to be paid for the quantity of work and materials which might be necessarily furnished at the rates and amounts therein specified. Plaintiffs fully performed their contract, the work was accepted by the board of local improvements and was confirmed by the county court. The court ordered paid to plaintiffs, out

of the moneys collected in the special assessment, only the amounts provided by the contract for the work and materials necessary to complete the improvement at the price therein specified. It was alleged that the court held that it was without jurisdiction to adjudicate, and left to be adjudicated in another court the claims of plaintiffs for extra work and expenses caused by the errors, defaults and interference by defendant in the prosecution of the work; that plaintiffs were entitled to compensation for additional work not specified in the contract and sketches or directions which defendant furnished to plaintiffs as the basis of their bid, which compensation was not included in the allowance by the court.

It was alleged that the contract provided that plaintiffs were to make no claim against defendant in any event except from collections of the special assessment made or to be made; that defendant had collected, and by the exercise of its lawful powers might collect from said assessment, a large sum of money, to-wit, $75,000, and that the amount of the collections made and to be made in excess of the amount appropriated by the court to the payment of the cost of the improvement was $10,000. Each count further alleged "that by means of the premises the defendant became and was liable to pay the plaintiffs the said sums of money so due to the plaintiffs," etc.

Each count was based upon some one item of an extra charge for labor, material, damage or delay. It was charged that by the sketch and directions furnished by defendant, which were made the basis of plaintiffs' bid, it appeared that certain streets, below the surface, were of dirt formation, when, in fact, they were solid rock and had to be excavated at an additional cost of $6592.50; that defendant orally informed plaintiffs that the water service-pipes had been removed, but such was not the case, and the pipes were broken during excavation and the trenches flooded, causing damage; that plaintiffs were required,

after a certain trench had been dug, to fill it up and then re-excavate it, to move their trench machine from one locality to another, to stop work, to remove some boulders, to grout 300 catch-basins, to construct a man-hole, to build a man-hole in quicksand and to furnish two extra catch-basins; that defendant's servants caused sand to be forced into the sewer and the sand had to be removed; that plaintiffs were required to install side connections, but defendant prevented this being done for a long interval of time, resulting in increased wages being paid due to an advance in the price of labor, amounting to $8878; that the sketch showed earth below the surface but that logs had to be removed; that defendant failed to furnish water for the trench machines, as provided in the contract; that due to delays caused by servants of defendant, plaintiffs were compelled to pay an additional premium on their surety bond, amounting to $617.43. The total amount of extras claimed in the fifteen counts was over $18,000, of which over $16,000 was for rock excavation, advance in the cost of labor and for sand getting into the system.

Plaintiffs insist that the second to the sixteenth counts each stated a good cause of action based upon an implied contract; that the implied promise which the law creates that an individual will pay the fair and reasonable value of labor or material furnished at his request by another arises against a municipal corporation that uses such labor or material, in the absence of a valid express contract therefor; that the stipulation contained in the written contract that plaintiffs would look solely to the special assessment for their compensation applied to compensation for the performance of that contract, only, and not for extras arising out of it; that a municipal corporation acts with respect to the execution of a contract to install sewers, and in the maintenance thereof, in its non-governmental or ministerial capacity, and possesses the right and owes the duties pertaining thereto analogous to a private corporation; that

the right to freely enter into contracts is a property right
which is granted by the due process of law clause and the
pursuit of happiness clause of the constitution, and that
any enactment by the legislature which infringes that right
is void.

Municipalities only possess such powers as are confer-
red upon them by statute.  One of the powers conferred
is to make public improvements by special assessment.  The
Local Improvement act provides a complete plan for mak-
ing such improvements.  The provisions of the statute must
be faithfully followed and strictly construed.  (*City of
Chicago* v. *Jerome,* 301 Ill. 587.)  The statute is binding
on the municipality, the property owner and the contractor.
Section 73 provides, in substance, that no person taking any
contract from the city and agreeing to be paid out of spe-
cial assessments shall have a claim or lien upon the city in
any event except from the collection of special assessments
made or to be made for the work contracted to be done.  If
it shall appear that such assessment cannot be levied or col-
lected the municipality shall nevertheless be in no way liable
to such contractor in case of a failure to collect the same.
The city is charged with the duty, as far as it can legally
do so, with reasonable diligence to cause valid levies to be
made and collected until the contractor is fully paid.  By
section 83 the board of local improvements is authorized to
make written contracts and receive all bonds authorized by
the act.  The work is to be done under the direction and
to the satisfaction of the board.  Certain provisions are
specified which the contract shall contain, including a pro-
vision that all contracts must contain express notice that
in no case, except as otherwise provided in the ordinance
or the judgment of the court, will said board or municipal-
ity, except as herein otherwise provided, or any officer there-
of, be liable for any portion of the expenses for any de-
linquency of persons or property assessed.  The acceptance
by the board shall be conclusive, in the proceedings to make

the assessment and in all proceedings to collect the same, on all persons and property, that the work has been performed substantially according to the requirements of the ordinance.  If any property owner is injured by the failure to construct the improvement or suffers any pecuniary loss thereby, provision is made for the recovery of such damages from the municipality in an action on the case.  Section 84 provides that on the completion of the work the board of local improvements shall certify in writing the cost of the improvement to the court where the assessment was confirmed and whether or not the improvement conforms substantially to the requirements of the ordinance. The items to be included in the certificate are specific.  The excess of the assessment over the cost, if any, is to be rebated *pro rata* in the manner therein provided.  Application is to be made to the court to determine whether the facts stated in the certificate are true.  Notice is to be given to all parties interested.  The certificate is made *prima facie* evidence that the matters and things stated therein are true.  Objections may be filed to the certificate. The court is charged with the duty of hearing and determining in a summary manner the facts and enter an order accordingly.  No appeal or writ of error is allowed to review this finding of the court.

The court in which the proceedings are instituted, under section 84, has complete and exclusive jurisdiction to determine all questions which may arise concerning the assessment, its collection, the completion of the work and the amount to be paid therefor.  No assessment collected can be used to pay for any work not within the ordinance unless such work consists of minor details fairly implied or necessarily included within the general terms, or minor changes found necessary in the execution of the work which are within the general scope of the ordinance and necessary to render it effective.  *People* v. *McWethy,* 177 Ill. 334; *Winnetka Park District* v. *Brandl,* 301 id. 265.

Under section 73 plaintiffs had no claim or lien upon defendant for any labor or material included in the ordinance except from the collection of the special assessment made or to be made for the work contracted to be done. If there were any extras for minor details fairly implied and necessarily included within the general terms, or minor changes found necessary in the execution of the work, to be paid out of the amount, they should have been included in the final certificate of the board of local improvements filed in the county court. If the certificate did not include them, plaintiffs had the right to file objections to the certificate and be heard upon the question as to whether they should have been included, and the decision of the county court would have been final and conclusive on the questions presented. It is not alleged in any count of the declaration that any of the claims for items now sought to be recovered were presented to the court, except that it was alleged in each count that the court held that it was without jurisdiction to adjudicate and left to be adjudicated in another court the claim of plaintiffs for extras. If there were any claims for extras naturally arising out of the provisions of the ordinance which were to be paid out of the special assessment, it was indispensable that they be presented to the county court. Whether they were or were not so presented, plaintiffs are precluded from having them adjudicated in any other court.

A municipality may, under certain circumstances, be bound under an implied contract to pay for labor and material furnished for its benefit and accepted by its officials, and for delays, damages, extra work or for money expended in its behalf. If the claims of plaintiffs were based upon such obligations the various counts of the declaration should have so declared, which in our judgment they do not do. Counts 2 to 16, inclusive, are not based upon an implied contract. They each set out the passage of the ordinance, the contract, the completion thereof, the accept-

ance of the work and the order of the county court confirming such acceptance. They allege that plaintiffs were entitled to compensation for extra work; that $75,000 may lawfully be collected, which is $10,000 in excess of the amount appropriated by the county court to pay for the improvement. Each count ends with an allegation "that by means of the premises the defendant became and was liable to pay the plaintiffs the said sum of money so due." By means of what premises, under the allegations of the various counts, did defendant become liable to pay the sums of money so due? Undoubtedly the defendant became liable, if it did become liable at all, by means of the premises alleged in the various counts of the declaration, namely, the doing of the work under the ordinance and contract, the levy and collection of the assessment and the excess therein.

Plaintiffs insist that the ordinance, contract and assessments were alleged merely by way of inducement, in order to show that the defendant was liable on an implied contract, in an action of assumpsit, for the extras claimed. The nature of a pleading is to be determined by what is alleged therein and not by what the pleader claims he intended to allege. From the allegations of the declaration, without knowing what the contentions of plaintiffs were, the conclusion must be reached that the cause of action was not on an implied contract. Plaintiffs appealed directly to this court upon the ground that sections 73, 83 and 84 were unconstitutional. If the cause of action was for extras arising upon an implied contract independent of the special assessment proceeding and separate and apart therefrom, the provisions of sections 73, 83 and 84 were no bar to a recovery, and it was not necessary to have their constitutionality determined in order to sustain a recovery. The demurrer was properly sustained to each count which sought to recover for extras.

Plaintiffs insist that sections 73, 83 and 84 are unconstitutional because they are in contravention of sections 1,

2, 14 and 19 of article 2 of the bill of rights, which provide that no man shall be deprived of life, liberty or property without due process of law; that no law impairing the obligation of contract shall be passed; that every person ought to find a remedy in law for all injuries and wrongs; that he ought to obtain by law right and justice freely and without cost. It is also claimed that these sections violate similar provisions of the Federal constitution. In *Price* v. *City of Elgin,* 257 Ill. 63, it was held that sections 73 and 83 did not violate the constitution by authorizing the taking and damaging of private property for public use without just compensation; that they did not deprive an owner of his property without due process of law; that they did not deny the equal protection of the law. In *People* v. *Omen,* 290 Ill. 59, it was held that section 84 was not unconstitutional on the ground that it deprives persons of their property without due process of law. In *People* v. *Cohen,* 219 Ill. 200, it was held that the fact that the right of appeal or writ of error was denied by section 84 did not affect the validity of the section and that it did not deprive the property owner of his property without due process of law. In *People* v. *Martin,* 243 Ill. 284, it was held that the provision of section 84 empowering the county court to approve the acceptance of the improvement was constitutional.

Plaintiffs insist that notwithstanding the above holdings the sections in question are unconstitutional because they prohibit a recovery upon an implied contract for extras and therefore impair the obligation of contract. The legislature has the right to specify the manner in which local improvements shall be made. This court has held that the method prescribed is not unconstitutional. Plaintiffs were under no obligations to enter into a contract with defendant to construct this improvement unless they saw fit to do so. When they entered into the contract they were supposed to have known the limitations which the statute placed upon the

contract. If they did not want to accept the limitations they should not have executed the contract. The statute did not impair the obligation of contract. It merely prescribed the manner in which a municipality might make public improvements which were to be paid for by special assessment. The sections are not unconstitutional on the grounds urged by plaintiffs.

The seventeenth count alleged that on June 12, 1919, in the county court of Will county, in a special assessment proceeding wherein said court was ordering distribution of a special assessment fund, plaintiffs recovered against defendant the sum of $7882.70, which judgment still remains in full force and effect. This judgment is made the basis of recovery in this court. The count does not state whether the judgment declared upon was rendered in the special assessment case now before us or whether it was rendered in some other case. It seems to be assumed in the arguments that it was entered in this case. The final order in the special assessment case now under consideration was entered by the county court on June 12, 1919, the same date the judgment in question was entered. There is no provision of section 84 which authorizes the court to render a judgment against the municipality on the final hearing. The judgment as rendered was not authorized by the statute, the court was without jurisdiction to enter it, and as its invalidity appears on the face of the count it can be attacked collaterally. (*People* v. *Ford,* 289 Ill. 550.) The demurrer to this count was properly sustained.

The court ruled properly on the demurrer to all counts of the declaration, and the judgment will be affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Judgment affirmed.*