(No. 20865.)
THE PEOPLES BANK AND TRUST COMPANY OF ROCKFORD,
Trustee, Appellant, *vs.* GEORGE B. GREGORY, Appellee.

*Opinion filed February 19, 1932.*

EARLY & EARLY, for appellant.

LATHROP, LATHROP, BROWN & LATHROP, for appellee.

Mr. COMMISSIONER PARTLOW reported this opinion:

Appellant, the Peoples Bank and Trust Company of
Rockford, Illinois, a corporation, as trustee under the last
will and testament of Charles F. Irvine, deceased, filed a
bill in the circuit court of Winnebago county against ap-
pellee, George B. Gregory, for the specific performance of
a contract for the sale of real estate. Appellee filed a de-
murrer to the bill, in which he alleged that by the averments
of the bill it appeared that appellant was a trustee under
the last will and testament of Charles F. Irvine, deceased;
that the will was set out in the bill and showed the names
of the beneficiaries of the trust, who were not made par-
ties to the suit. It further alleged that for divers other
good causes of demurrer to the matters and things con-
tained in the bill appellee prayed the judgment of the court

whether he should be compelled to make any further answer to the bill. The demurrer was sustained, appellant elected to stand by the bill, it was dismissed, and an appeal was prosecuted to this court.

The bill alleged that on November 13, 1917, appellee entered into a written contract by the terms of which he agreed to buy from appellant certain real estate for $11,000, and that appellee paid all of the purchase price except $2000, which he now refuses to pay. The contract is set out in full in the bill. It is alleged that the immediate predecessor of appellant in title to the premises in question was Charles F. Irvine, who died testate on September 9, 1914, and his will is set out in full in the bill. After making several bequests and devises the fourth clause of the will devises and bequeaths all the rest and residue of the estate to appellant, as trustee. It provides that the trust estate shall be divided into shares; that one share shall be set aside for Elsie D. Irvine, the daughter of the testator, and there shall be as many shares in addition to the share given to the daughter as the testator left children surviving him. The trustee is to take possession of the trust estate, invest the shares, keep separate accounts with each of the children, and pay the income of the share of Elsie to her from time to time until she arrives at the age of forty-five years, when the trustee is to pay to her the principal of her share in annual installments of not more than $3000. This clause makes provision as to the manner in which the trust estate is to be handled and makes provision for its final disposition.

It is not necessary to consider in detail the provisions relative to this trust estate. The will by its fourth clause created a trust estate for the benefit of the daughter, Elsie D. Irvine, and any other children of the testator who survived him. None of these beneficiaries were made parties to the bill. The general rule is that in all suits respecting trust property, whether brought by or against a trustee, the

beneficiaries are necessary parties, and the objection on account of their not being made parties may be taken on appeal. The trustee is a necessary party because he holds the legal title. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree. (*Ambos* v. *Glos,* 314 Ill. 438; *Rodman* v. *Quick,* 211 id. 546; *Wilson* v. *Central Trust Co.* 285 id. 427; *Dubs* v. *Egli,* 167 id. 514.) Under these authorities the daughter named in the will, and any surviving children of the testator, were necessary parties to the bill and they were not made parties. The demurrer to the bill was specific on this point, and it was properly sustained.

Several other questions are urged by appellant. The principal one is whether under the terms of the will there was a power of sale vested in the trustee sufficient to authorize the trustee to enter into this contract of sale with appellee. It is conceded that the will contains no express power of sale, but it is urged by appellant that the language used in the fourth clause is sufficient to establish an implied power of sale. This question could only be determined from a construction of the language used in the will. There is a sharp controversy on this point. The beneficiaries under the will, who were not parties to the suit, had a right to be heard on this question. Upon the election of appellant, after the demurrer was sustained, to stand by the bill, it was properly dismissed.

The decree is affirmed.

Per CURIAM: The foregoing opinion reported by Mr. Commissioner Partlow is hereby adopted as the opinion of the court, and judgment is entered in accordance therewith.

*Decree affirmed.*