(No. 26498.—

THE VILLAGE OF LANSING, Appellee, *vs.* GENEVIEVE B. SUNDSTROM, Appellant.

*Opinion filed January 22, 1942—Rehearing denied March 11, 1942.*

LAWRENCE C. MILLS, and OWEN N. PRICE, for appellant.

O. I. LEWIS, for appellee.

Mr. JUSTICE FARTHING delivered the opinion of the court:

The single question presented on this appeal is whether in a suit by a municipality to foreclose the lien of a special assessment, the holders of the special assessment vouchers or bonds issued in anticipation of the collection of the special assessment, are necessary parties. This question arose by a motion of the defendant property owner to dismiss the foreclosure complaint filed in the circuit court of Cook county on the ground of a lack of necessary parties, the overruling of this motion by the court, defendant's election to stand on her motion, and the entering of a default judgment against her. This appeal followed.

It is agreed there is no authority in this State on the question presented. We must, therefore, look to the pro-

visions of the Local Improvement act. (Ill. Rev. Stat. 1941, chap. 24, article 84.) It provides a complete plan for the making of local improvements, must be faithfully followed and strictly construed. (*Monahan* v. *City of Wilmington,* 328 Ill. 242.) Section 56 of that act provides that the lien of a judgment confirming special assessments shall run in favor of the municipality. It reads, in part: "Such judgments shall be liens on behalf of the municipality making an improvement, for the payment of which the special tax or special assessment is levied, on the property assessed from the date thereof, to the same extent and of equal force and validity as a lien for the general taxes until the judgments are paid or the property against which any such judgment is entered is sold to pay the judgment." It provides also: "The municipality on behalf of which such a lien is created may sell and assign the lien. Either the municipality or the assignees of that judgment lien, at any time in its or his own name, may file a bill to foreclose the lien in the same manner that foreclosures are permitted by law in case of delinquent general taxes."

Nowhere does the act provide that a holder of the bonds or vouchers may bring such a foreclosure action. Instead, section 90 provides that "No person accepting the vouchers or bonds as provided in this article shall have any claim or lien upon the municipality in any event for the payment of his vouchers or bonds or the interest thereon, except from the collection of the assessment against which the vouchers or bonds are issued. The municipality, nevertheless, shall not be in any way liable to the holders of these vouchers or bonds in case of a failure to collect the assessment, but with all reasonable diligence, so far as it can legally do so, it shall cause a valid special assessment or assessments, a special tax or taxes, as the case may be, to be levied and collected, to pay these bonds and vouchers, until all bonds and vouchers are fully paid. Any holder of vouchers or bonds, or his assigns, shall be entitled to sum-

mary relief by way of *mandamus* or injunction to enforce the provisions of this section." This demonstrates that the ownership of the lien is in the municipality, not in the holders of bonds or vouchers, and that the municipality is under a duty, which the bondholders may compel it to perform, to use all lawful means, including foreclosure, to collect the taxes out of which the bondholders are to be paid. There is no provision requiring that bondholders be made parties to any such proceedings.

Appellant refers to section 216 of the Revenue act (Ill. Rev. Stat. 1941, chap. 120, par. 697) which provides that the lien of delinquent general taxes "may be foreclosed in equity in any court of competent jurisdiction." She does not say that the distributees of the general taxes or their creditors are necessary parties in such a proceeding. She argues that since the proceeding is one in equity, the general equitable rule applies that all persons possessing a substantial legal or equitable interest in the subject matter of litigation and who will be affected by the decree must be made parties. (*Texas Co.* v. *Hollingsworth,* 375 Ill. 536.) She maintains that in the case of special assessments, though the lien is in the municipality, the holders of the bonds or vouchers are the equitable owners of the fund, and, since the municipality has already received its money by the sale of the bonds and vouchers, it has no beneficial interest; and since the owners of the bonds and vouchers are the beneficial owners they are necessary parties. It must be remembered in this connection that in the collection of special assessments and in the payment to bondholders of the funds so collected, the municipality occupies a position similar to that of a trustee. This court said in *Rothschild* v. *Village of Calumet Park,* 350 Ill. 330: "The installments are the only source of payment of the bonds, and when they are collected by the municipality the money received becomes a trust fund for the payment of the bonds to the holders, without preference among them. If for any reason the full collection of an installment is not made

the deficiency must fall upon the bondholders, and equity requires that the loss shall be borne ratably by each bondholder. Therefore, when the bonds of any year become due and the collection from the installment of that year is insufficient to pay them, the bondholders are entitled to the amount collected, and it is the duty of the trustee—the municipality—to pay upon each bond issued against the installment its share, *pro rata,* of that amount." If the municipality wrongfully diverts any of the special fund, or uses it to pay claims not legally chargeable against it, the municipality is liable, to the extent of such wrongful use or payments, to the person to whom the moneys so used were rightfully due. (*Conway* v. *City of Chicago,* 237 Ill. 128.) Although it is a general rule that beneficiaries of a trust are necessary parties to an action brought to foreclose their interests, that is not always true. This rule is subject to the exception that such beneficiaries are not necessary parties if their interests are so far represented by others that they receive actual and efficient protection, and to the exception that where the beneficiaries are very numerous, so that the delay and expense of bringing them in becomes oppressive and burdensome, they will not be deemed necessary parties. (*Farmers' Loan and Trust Co.* v. *Lake Street Elevated Railroad Co.* 173 Ill. 439; *Hirsh* v. *Arnold,* 318 id. 28.) The two cited cases involved foreclosure suits brought by the trustee under a trust deed in the nature of a mortgage. However, the same principle applies here. The statute makes the lien a trust *res* and the municipality is expressly given the right and duty to bring the foreclosure action. In doing so it acts as a trustee. It is apparent that very often the bondholders are so numerous that to require them to be made parties in every suit to foreclose the lien of the special assessment would be to impose an unreasonable and oppressive burden on the municipality. In the special assessment proceeding here involved bonds were issued in ten installments, and appellant has not attempted to show the extent of their

ownership. She cannot complain on the ground this is not an express trust but an implied one. The bonds were sold subject to the provisions of the Local Improvement act, which empowered the municipality to bring the proceeding and did not give bondholders the right to be made parties.

Appellant argues that the rights of the bondholders are not adequately represented and will not be adequately protected by the municipality, because it is not liable for the payment of these bonds unless it diverts the fund or fails to pay it ratably after it is collected. In this same connection she claims the municipality will have interests adverse to those of the bondholders because the general taxes are also liens on the same property, and that the municipality will want to free the land of the lien of the special assessment in order that the lien of the general taxes will be paramount. This contention is without force. It cannot be presumed that a governmental body would fail to perform the duty imposed upon it by law as a trustee to collect and pay the money derived from special assessments to those entitled thereto merely to favor its general creditors. It cannot be said a municipality has a personal interest which is antagonistic to the interest of the special assessment bondholders. It has no such selfish interest. Moreover, it would have a desire to use every possible means to see that special assessment bondholders receive full payment in order that it might more easily finance local improvements in the future. In the absence of a showing that a municipality has failed to act or is acting in bad faith, we cannot hold the bondholders are necessary parties. There is no such showing here. The municipality is now pursuing the last remedy available to collect the assessment and it is not suggested the municipality is not following the procedure prescribed by law.

The decree is affirmed. *Decree affirmed.*