JUST PANTS *et al.*, Plaintiffs-Appellees, v. THE BANK OF RAVENSWOOD, Trustee, Defendant (Edgar Levine *et al.*, Defendants-Appellants).

First District (4th Division)   No. 84—478

Opinion filed August 29, 1985.

JIGANTI, P.J., dissenting.

Alan O. Amos, of Collins, Amos & Uscian, of Chicago, for appellants.

Law Offices of Gerald C. Bender, of Chicago, for appellee Just Pants.

JUSTICE JOHNSON delivered the opinion of the court:

Defendants, Edgar Levine, Lawrence Oberman, and W.E. Warnstedt, beneficial owners of a building under a trust, appeal from a judgment of the circuit court of Cook County finding them liable for the breach of a lease agreement. They claim that the trial court abused its discretion by amending its original judgment against the trustee to join them as additional judgment debtors, without service of process and despite their special and limited appearance to contest the trial court's exercise of jurisdiction over them. On appeal, defendants argue that (1) they were necessary and indispensable parties to the proceeding; (2) the initial judgment was void due to their absence; and (3) the trial court did not possess the jurisdiction to enter the judgment against them.

We reverse and remand.

The record shows that plaintiffs, Just Pants and B-Hyve Corporation, entered into a commercial lease with the lessor, Arcade Building Corporation, in February 1971 for space in a building located at 6355 North Broadway Avenue, in Chicago. Just Pants and Arcade later entered into an agreement on October 21, 1975, allowing Just Pants to affix a sign to the building. The Bank of Ravenswood (the bank), defendant, as trustee under trust No. 2141, dated September 16, 1976, with Levine, Oberman and Warnstedt as beneficiaries, bought the premises from Arcade on September 14, 1976. On August 2, 1977, the bank allegedly removed the sign while plaintiffs were still tenants and leased the vacant space to another tenant.

Plaintiffs sued the bank, claiming that the removal of the sign was a breach of their agreement. They sought specific performance of the agreement, an order compelling the bank to remove the sign not belonging to them and to erect a new Just Pants sign, and compensatory and punitive damages against the bank for the alleged breach of the lease and for the alleged conversion of their sign. The bank contended at trial that a notice of Chicago building code violations necessitated building renovation, resulting in the removal of the sign.

Plaintiffs filed their complaint on February 25, 1980, identifying the bank as trustee, but neither naming the beneficiaries to the trust nor discussing the beneficiaries' involvement in the litigation. The record shows that the beneficiaries created a new land trust with Commercial National Bank as trustee and themselves as benefi-

ciaries on October 20, 1980. The bench trial began on March 18, 1983, and the trial judge entered judgment for plaintiffs and against defendant bank on October 11, 1983, in the amount of $4,500 in compensatory damages and $25,000 in punitive damages. The trial court's findings of fact and conclusions of law discussed only defendant bank as trustee; the court did not mention either the beneficiaries to the trust or their rights and responsibilities to the trust property.

In the course of a tract search after the trial court's entry of judgment, plaintiffs discovered the 1980 transfer of the trust to Commercial National Bank. On November 4, 1983, plaintiffs notified all of the interested parties that on November 9 they would ask the trial court, *inter alia*, to (1) amend the complaint to add the Commercial National Bank and the beneficiaries as defendants and (2) amend its judgment to also name Commercial National Bank and the beneficiaries as judgment debtors.

On November 8, 1983, the beneficiaries filed a "Special and Limited Appearance" to contest the court's exercise of jurisdiction over them. On November 29, plaintiffs filed a "Supplemental Motion to Amend Complaint and Judgment and For a Finding of Contempt," to which the beneficiaries filed a response on December 13, 1983, in addition to a "Brief on Legal Points" in plaintiffs' supplemental motion.

On January 25, 1984, the trial court entered an order that, *inter alia*, (1) denied a finding of contempt against the beneficiaries and Commercial National Bank, (2) denied the special and limited appearances of the beneficiaries and Commercial National Bank and held that they had submitted themselves to the jurisdiction of the court, and (3) granted plaintiffs' motion to amend the complaint and judgment and entered judgment against only the beneficiaries for $4,500 in compensatory damages and $25,000 in punitive damages. The order further enjoined the beneficiaries from transferring their interests in the trust at Commercial National Bank. The beneficiaries appeal from this order.

I

The beneficiaries contend that the trial court should have made them parties to the proceeding because they were necessary and indispensable. As a result, they further contend, the original judgment entered against the trustee was void and could not be amended by adding them.

■ Jurisdiction of the person is a court's power to bind a par-

ticular person to its judgment and requires in part that defendant be given sufficient notice. A defendant or unnamed party who was never served and who never appeared in the proceedings but whose rights were directly adjudicated therein may attack a judgment either directly or collaterally as void for failure to obtain jurisdiction over his person. However, failure to join such an indispensable party does not deprive a court of jurisdiction over the parties properly before it. Hence, where a failure to join an indispensable party is brought to the attention of a reviewing court, the appropriate course is to vacate the judgment, not because the trial court lacked jurisdiction over the joined parties, but because fairness to the nonjoined party dictates such a result. *In re Vaught* (1981), 103 Ill. App. 3d 802, 804, 431 N.E.2d 1231, 1233.

Relying on these principles, we must examine the necessity of the beneficiaries to the action, not because the original judgment against the trustees was void, but, rather, to determine whether fairness to the beneficiaries required their joinder.

## II

■ Our supreme court stated long ago:

"The general rule is that in all suits respecting trust property, whether brought by or against a trustee, the beneficiaries are necessary parties, and the objection on account of their not being made parties may be taken on appeal. The trustee is a necessary party because he holds the legal title. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree." (*Peoples Bank & Trust Co. v. Gregory* (1932), 347 Ill. 397, 398-99, 179 N.E. 856, 856.)

This rule is subject to two exceptions: Beneficiaries are not necessary parties to an action involving trust property (1) if others represent the beneficiaries' interests so completely that they receive actual and efficient protection and (2) where the beneficiaries are so numerous that the delay and expense of joining them becomes oppressive and burdensome. *Village of Lansing v. Sundstrom* (1942), 379 Ill. 121, 125, 39 N.E.2d 987, 989.

Relying on the first exception, plaintiffs argue that defendant bank can adequately protect the beneficiaries' interest; it would specifically perform on the lease if judgment were entered for plaintiffs and that they could enforce any monetary judgment directly against the trust property. Defendants contend that, for various reasons, the bank cannot protect adequately their interests; the trial court could

not enter a judgment against defendant bank, thereby requiring their participation in the action.

Generally, a trustee holds legal title to the trust estate and deals with it as principal and is personally liable on his contracts. He can protect himself from personal liability on a contract by stipulating that he is not to be personally liable and that the other party is to look solely to the trust estate. An agent does not have title to the property of the principal but can subject his principal to liability if he is acting within the scope of his authority. The distinction between a trustee and an agent is not only title, but control of the property. Where the trustee is given full control in the management of the business of the trust, the beneficiaries have no personal liability. Where, however, the beneficiaries retain control over the trustee and the management of the business, the trustee is regarded as the agent of the beneficiaries and they will be liable upon his contracts. *Kessler, Merci, & Lochner, Inc. v. Pioneer Bank & Trust Co.* (1981), 101 Ill. App. 3d 502, 505-06, 428 N.E.2d 608, 611; 3 Scott on Trusts sec. 274 (3d ed. 1967).

In an action involving a land trust, the question of whether the beneficiary or the trustee is the proper party depends on the nature of the action in light of the rights and duties established by the trust agreement. (*Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 379, 356 N.E.2d 1245, 1249; see also Kenoe on Land Trusts sec. 6.6 (Ill. Inst. Cont. Legal Educ. 1981).) The beneficiary in a land trust is the proper party to litigation involving his rights and liabilities of management, control, use and possession of the property. (*Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 380, 356 N.E.2d 1245.) Beneficiaries in land trusts oftentime retain managerial rights in the property and, in exercising these rights, enter into a variety of contractual arrangements resulting in the accrual of causes of action against them that do not involve the trustee. Kenoe on Land Trusts sec. 6.8 (Ill. Inst. Cont. Legal Educ. 1981).

Actions sounding in tort involving land trust property usually arise from the operation and maintenance of the property. Such causes are based on negligence and accrue against only the beneficiary and not the trustee. The trustee is insulated from these responsibilities if he has no rights of possession, operation, control or maintenance. (Kenoe on Land Trusts sec. 6.12 (Ill. Inst. Cont. Legal Educ. 1981).) For example, trustees who hold legal title to realty through a trust agreement are not liable for damages resulting from defects in the trust premises when the agreement gives the benefi-

ciaries and not the trustees the power to make the needed repairs. (*Anderson v. Cosmopolitan National Bank* (1971), 132 Ill. App. 2d 307, 310, 270 N.E.2d 254, 255, *rev'd on other grounds* (1973), 54 Ill. 2d 504, 301 N.E.2d 296.) Beneficiaries can also be held responsible for the torts or frauds of the trustee where they participate in or authorize the commission of the wrongs. *Piff v. Berresheim* (1950), 405 Ill. 617, 623, 92 N.E.2d 113, 117.

Although plaintiffs raise both the issues of breach of contract and the tort of conversion, we cannot apply the above-stated principles to the case at bar. We do not know, and have no way of knowing, the responsibilities of defendant bank as trustee and the responsibilities of the beneficiaries regarding the trust property, because the trust agreement is not found in the record before us. There are, however, several indications in the record that the beneficiaries were at least aware of the events leading to the litigation, such as (1) an affidavit by the corporate officer of the company who managed the property on behalf of the bank stating that the beneficiaries sent him the notice of building code violations, and also that at a meeting with the beneficiaries the decision to make the repairs and renovations was made; and (2) a letter from the bank notifying the beneficiaries of the action and informing them that it would take no action in the matter and that they would be responsible for any resulting litigation.

On remand, the trial court should determine what were the responsibilities of defendant bank as trustee and those of the beneficiaries under the trust agreement. If the beneficiaries exercised control, possession, operation, and maintenance of the property, the court should make them parties to the proceeding. If the trustee exercised those responsibilities and not the beneficiaries, the trial court would still need to determine whether the trustee can adequately protect the interests of the beneficiaries in the litigation. The trial court did not include such a finding in either its original or amended judgments.

Our disposition of this appeal removes the need to discuss defendants' second and third issues involving the validity of the trial court's original judgment due to their absence as parties and the jurisdiction of the trial court to add them as additional judgment debtors, respectively.

For the foregoing reasons, the judgment of the circuit court of Cook County is reversed and the cause is remanded for further proceedings not inconsistent with this opinion.

Reversed and remanded.

LINN, J., concurs.

PRESIDING JUSTICE JIGANTI, dissenting:

It should be clear at the outset that the only parties to this appeal are the beneficiaries. The Bank of Ravenswood, as trustee, is not a party. The beneficiaries raise two issues directed towards the question of personal jurisdiction. First, they contend that the trial court lacked jurisdiction over the beneficiaries because no summons was ever served on them. Second, they assert that as the original judgment against the Bank of Ravenswood is void because the beneficiaries were not joined as necessary parties, the original judgment cannot be amended to add the beneficiaries.

On the first issue, I believe the beneficiaries have submitted themselves to the jurisdiction of the court. As the majority points out, after the judgment was entered against the Bank of Ravenswood, the plaintiff discovered that the property had been transferred to Commercial National Bank as trustee. The plaintiff notified Commercial and the beneficiaries that it would ask the trial court for leave to amend the complaint to name them as parties and, further, to amend the judgment to name Commercial and the beneficiaries as judgment debtors. The beneficiaries and Commercial filed a special and limited appearance solely for the purpose of objecting to the jurisdiction of the court over them.

However, in the trial court the beneficiaries did not argue a lack of personal jurisdiction on the basis that no summons was issued as they do here. Rather, they argued in the lower court that the trial court did not have jurisdiction over the Bank of Ravenswood because the beneficiaries were not joined as necessary parties. They also argued that the trial court was in error in entering a judgment for punitive damages against the Bank of Ravenswood. Neither of these arguments concern the court's jurisdiction over the beneficiaries. Consequently, in the absence of a challenge to the court's jurisdiction over the beneficiaries, the beneficiaries' actions in the trial court in effect recognized the court's personal jurisdiction over them. (*Hutchinson v. Brotman-Sherman Theatres, Inc.* (1981), 94 Ill. App. 3d 1066, 1075, 419 N.E.2d 530.) The trial court reached the same conclusion and found the special and limited appearance constituted a general appearance.

In its second argument on appeal attacking the jurisdiction of the court, the beneficiaries contend that as the judgment against the

Bank of Ravenswood is void, the void judgment cannot be amended to add the beneficiaries as a basis for entering judgment against them. The majority quite accurately points out that the failure to join the beneficiaries did not render the judgment against the Bank of Ravenswood void. Therefore, as the judgment is not void, the premise of the beneficiaries' second argument fails and, ultimately, the basis for this appeal. If the court was in error in entering judgment against the Bank of Ravenswood because of the absence of the beneficiaries from the action, the judgment was merely rendered voidable, and the proper procedure would have been for the Bank of Ravenswood to file a direct appeal. Consequently, the judgment entered against the Bank of Ravenswood is not subject to the collateral attack by the beneficiaries in the instant action. See *Vulcan Materials Co. v. Bee Construction* (1983), 96 Ill. 2d 159, 165, 449 N.E.2d 812.

Furthermore, I disagree with the majority that the beneficiaries were necessary parties in the action against the Bank of Ravenswood. The courts have previously found that beneficiaries are not necessary parties in a tax sale proceeding (*Petition of Lois, Inc. v. Halvorsen* (1971), 5 Ill. App. 3d 149, 275 N.E.2d 172) and in condemnation proceedings (*Department of Conservation v. Franzen* (1976), 43 Ill. App. 3d 374, 377-78, 356 N.E.2d 1245). These proceedings are indistinguishable from the instant case.

Additionally, even if the beneficiaries should have been joined as necessary parties, no prejudice to their rights resulted, as the beneficiaries had actual notice of the proceedings against the Bank of Ravenswood. The Bank of Ravenswood notified the beneficiaries that it had been served with a summons and complaint which they forwarded to the beneficiaries. They also advised them that the Bank of Ravenswood would take no action whatsoever in the matter and recommended that they discuss the matter with their attorney. After that, an attorney appeared on behalf of the Bank of Ravenswood as trustee in this matter and proceeded with this action even if after the property which was the subject of the trust was transferred to another bank.

For these reasons, I respectfully dissent. I would affirm this judgment.