NOTICE

Decision filed 04/15/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240357-U

NO. 5-24-0357

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

| | | |
|---|---|---|
| CHARLES R. LARSON and VIRGINIA M. LARSON, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiffs-Appellees, | ) | St. Clair County. |
| | ) | |
| v. | ) | No. 18-L-832 |
| | ) | |
| DUPO OILFIELD DEVELOPMENT, INC., | ) | Honorable |
| | ) | Leah A. Captain, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE MOORE delivered the judgment of the court.
Justices Cates and Boie concurred in the judgment.

**ORDER**

¶ 1     *Held*: We reverse and vacate the trial court's August 25, 2023, order as void where a necessary party was not joined. Accordingly, we reverse and vacate the trial court's January 11, 2024, order awarding plaintiff attorney fees.

¶ 2     This matter involved an alleged breach of an oil and gas lease between the plaintiffs, Charles R. Larson and Virginia M. Larson, and the defendant, Dupo Oilfield Development, Inc. (Dupo). The plaintiffs alleged a breach of contract but did not seek compensatory damages. The relief sought by plaintiffs was one in equity, recission of the lease agreement. In addition, the plaintiffs sought an award for attorney fees. The matter proceeded to a jury trial and a judgment in favor of plaintiffs[1] on the issues of recission and attorney fees was entered. Dupo's motion for a

---

[1]We use the term "plaintiffs" plural, throughout this disposition, as this action was initiated by both Charles and Virginia. However, the judgment entered by the trial court was for Virginia individually.

1

new trial or judgment notwithstanding the verdict was denied. Dupo appeals the judgment and award of attorney fees, and for the following reasons, we reverse.

¶ 3                                    I. BACKGROUND

¶ 4     We recite only those facts which are necessary for the disposition of this matter. Charles and Virginia Larson were husband and wife. On September 25, 2008, Charles and Virginia, as lessors, signed and entered into an oil and gas lease agreement (Lease) with Raymond Cole Jr., president of Dupo Oilfield Development, Inc., as lessee. The Lease concerned six parcels of land (Property) located in St. Clair County, Illinois, that were owned by Charles Larson at the time the Lease was executed. As part of the Lease, Dupo would drill for oil on the Property and plaintiffs would be entitled to a share of the royalties. The Lease, in paragraph eight, specifically provided that "the rights of either party hereunder may be assigned in whole or in part ***." On May 22, 2014, Charles, as grantor, assigned his entire interest in the Property, including his rights and interests in the lease, by warranty deed to the "Charles R. Larson Revocable Living Trust Agreement" (Individual Trust). According to the May 22, 2014, warranty deed, Charles conveyed, assigned, and transferred the following:

> "all of his right, title, and interest, in the following described real estate, along with the coal, oil, gas and other minerals contained within and under the described lands, as well as any and all rights to remove same therefrom *or any other right title or interest attributable to or held by the Grantor by way of any leases, assignments, agreements or other conveyances of record ***.*" (Emphasis added.)

Virginia never assigned or transferred her interest in the oil and gas lease. Under the Individual Trust, Charles retained all his rights and interests held in the trust estate for his benefit until his death. Upon Charles's death, his rights and interests held in the trust would be held for the benefit

of Virginia. Charles was named the original trustee of the Individual Trust with Virginia named as successor trustee upon "the physical or mental incapacity, election or death" of Charles. In addition, there is some indication in the record that a second trust, the "Larson Family Revocable Living Trust Agreement" (Family Trust), was created on the same date, May 22, 2014, as the Individual Trust. A copy of the Family Trust agreement was not provided in the record. On September 28, 2018, Charles made an amendment to the Individual Trust, whereby he placed the residence/household located on the Property into the Family Trust. The remaining assets, the Property and any interests held by Charles, were not affected and remained in the Individual Trust with Virginia as the beneficiary.

¶ 5 On December 31, 2018, both Charles and Virginia, in their individual capacities, filed a complaint for breach of contract seeking recission of the lease agreement with Dupo. Neither trust was referenced in the original complaint. On April 23, 2019, a default judgment was entered against Dupo and the Lease was ordered rescinded. On May 21, 2019, Charles R. Larson passed away.

¶ 6 The following day, counsel for Dupo entered his appearance. On May 23, 2019, Dupo filed a motion to set aside the default judgment. On July 11, 2019, the trial court entered an order granting Dupo's motion to set aside the default judgment, and granting plaintiffs "28 days to amend pleadings as Mr. Larson has passed away." That same day, Dupo filed a motion to dismiss the plaintiffs' complaint based on a lack of standing where the plaintiffs' interests under the Lease had been conveyed to the Trust. A suggestion of death was never filed, and no probate estate or special representative was ever substituted. Further, it does not appear from the record that the defendant ever filed a motion to dismiss Charles as a deceased party. In addition, it does not appear that the parties ever addressed the defendant's motion to dismiss based on standing.

3

¶ 7    Instead, on August 8, 2019, Virginia filed an amended complaint wherein it asserted that the matter was being brought by "Virginia Larson in her own right and as trustee." The amended complaint still listed Charles Larson as a party in the case-style but indicated by paratheses next to his name that he was deceased. In addition, the amended complaint specifically alleged that "Mr. Larson subsequently transferred [his lease] interest to the Charles R. Larson, Revocable Living Trust." Thus, Virginia was named in the complaint as the successor trustee of said trust, and representative of his interest. However, the record does not contain an order from the trial court specifically allowing for the removal or introduction of any parties in the lawsuit at this stage. Subsequently, the plaintiffs obtained an order from the trial court allowing individuals who had received an assignment of a lease interest from Dupo to be added as party defendants. On October 14, 2020, a second amended complaint was filed that added additional defendants. The second amended complaint still listed Charles as a party with the same case-style indication, and alleged Virginia was the successor trustee of the Individual Trust. Thereafter, the added defendants were dismissed either by not being a necessary party under the Lease or by the disavowal of said interest. Accordingly, Dupo was the only remaining defendant when the cause proceeded to trial. It is important to note that both parties' original attorneys withdrew and that each obtained new counsel sometime before trial.

¶ 8    The case was tried before a jury on August 7-10, 2023. During trial, Virginia filed a third amended complaint, improperly titled as the second amended complaint, on August 8, 2023. The third amended complaint asserted that the matter was being brought by "Virginia Maxine Larson, for herself and as trustee of the *Larson Family Revocable Living Trust*." (Emphasis added.) This is the first time that the Family Trust was asserted as holding Charles Larson's interest in the Lease. Charles was still listed as a party in the case-style, but the indication of deceased by his name had

4

been removed. Again, the record does not contain an order from the trial court allowing for the removal or introduction of new parties to the lawsuit.

¶ 9    On August 7, 2023, toward the end of the first day of trial, the following discussion was held between the trial court and the parties regarding whether the trust[2] or Virginia, individually, was the proper plaintiff:

> "THE COURT: So, I mean it would seem to me that if, in fact, the Trust is the proper plaintiff, she, as the trustee, has the authority to act on behalf of the Trust.
>
> [DEFENDANT'S COUNSEL]: In the capacity as a trustee, yes. As an individual, no.
>
> [PLAINTIFFS' COUNSEL]: What I'm saying, Judge, for the purposes of these Trusts it doesn't matter. We examined her legal authority walking into this, and she retains it whether she does it as trustee or not.
>
> * * *
>
> THE COURT: I think this is form over substance. I mean the bottom line, if the Trust is victorious in this action, then she was the trustee of that Trust—
>
> [DEFENDANT'S COUNSEL]: Wins, absolutely.
>
> THE COURT: All right.
>
> [DEFENDANT'S COUNSEL]: But there aren't two plaintiffs. There's one proper plaintiff. And I'm simply saying that as an individual she's not a proper plaintiff.
>
> THE COURT: That's probably true, [plaintiffs' counsel]. I don't know that it makes much difference, but it would be the Trust that would be awarded any verdict.

---

[2]Although there exist two trusts, the record does not indicate which trust the parties or the trial court were discussing, or whether anyone was aware of the distinction between the two separate trusts.

[PLAINTIFFS' COUNSEL]: I'm not sure that it is, Judge. I need to run this through. Like I said, we pulled all these deeds intentionally because this did come up at the deposition. We looked through it, and [Virginia] Larson has all the legal authority necessary to bring this action when it—and—

[DEFENDANT'S COUNSEL]: There's no motion at this time. It's simply cross-examination.

THE COURT: I don't disagree that she has the authority to bring it, if in no other capacity than as trustee of the Trust."

The matter was continued to the following morning, August 8, 2023, for further consideration. However, the issue was not revisited until August 9, 2023, during defendant counsel's motion for directed verdict. At that time, the following occurred:

"[DEFENDANT'S COUNSEL]: ***—just so the record is clear, from my reading of the complaint, even the current complaint, Charles Larson is not a party plaintiff, although for some reason he keeps appearing in the case style. But as to [Virginia] Maxine Larson, the plaintiff brings her claims both in her individual capacity and as trustee of the relevant Trust.

For purposes of the first part of the motion it's directed solely at Mrs. Larson personally as opposed to in a trustee capacity. As brought personally, there's been no evidence that she owns or retains any ownership interest in the race at issue, the property at issue, that from the evidence presented thus far it would appear that all of the property at issue is the property of the Trust. She may very well be trustee, she may well be a beneficiary, but as an individual there is no evidence that she is even a party. Thus, she lacks standing. Thus, as to her individually, the case should be—the Court should order a

6

directed verdict for lack of any evidence that she's even a party to the contract at issue at this point due to the assignment of the Trust. \*\*\*

\* \* \*

[PLAINTIFFS' COUNSEL]: \*\*\* [Virginia] Maxine Larson individually gets to proceed whether she's the trustee of the Trust or not. She was one of the parties that entered into the underlying contract at issue, and it doesn't matter how many times she sells that piece of property after that. She recorded it. \*\*\* [Defendant's counsel] keeps referencing an assignment into the Trust. I have never seen such a document. \*\*\* I'm not aware that the Trust ever transferred this leasehold interest or the benefits of it or that Maxine Larson ever transferred this leasehold interest or its benefits and burdens into this Trust. \*\*\* In short, nothing that happens down the chain from this transaction matters with regards to this lawsuit because the breach of the contract can be asserted by Maxine individually because she is the party who has been harmed, as well as the Trust. She's done it as both. It doesn't matter which one because it's a big circle to get back to her anyway. \*\*\* However, the parties in interest, obviously, the passing of Charles Larson, everyone concedes that he is no longer a party and any interest that they had is no longer effective.

The only remaining interest is one of Maxine Larson in a couple of capacities, but with regards to her claims against Dupo Oil, the Trust simply isn't implicated, because that entity has no interest or interaction with the Trust or its estate, only with Maxine Larson. \*\*\*

THE COURT: \*\*\* [D]idn't your second amended counterclaim list the Trust as a party?

[PLAINTIFFS' COUNSEL]: We did.

7

THE COURT: So for what reason then if you're saying it has no interest?

[PLAINTIFFS' COUNSEL]: In the alternative ***.

THE COURT: Okay.

[DEFENDANT'S COUNSEL]: *** Either the individual has standing or the Trust has standing. It can't be both. It doesn't matter whether or not Mrs. Larson originally signed the contract. That's what assigning it to a Trust does away with, her standing under it. ***

THE COURT: But I haven't seen anything that indicates that, in fact, it was assigned to the Trust.

[DEFENDANT'S COUNSEL]: Then the Trust should be thrown out for lack of evidence that the Trust owns anything.

THE COURT: And that may very well be the case.

[PLAINTIFFS' COUNSEL]: We bring alternative theories of recovery for parties and remedies every day in this court.

THE COURT: Well, it would seem to me, based on the fact that I don't have anything indicating that she assigned her interest in this lease to the Trust, that the Trust should be dismissed as a party and that she should continue as a party.

[PLAINTIFFS' COUNSEL]: I would have no problem with that, Your Honor.

THE COURT: All right. And I think you would have to concede that.

[DEFENDANT'S COUNSEL]: One of the two has to go.

[PLAINTIFFS' COUNSEL]: I agree.

THE COURT: So it would seem to me the proper plaintiff then is, in fact, Virginia Maxine Larson.

8

[PLAINTIFFS' COUNSEL]: Thank you.

THE COURT: All right."

Based on the foregoing discussion on the record and agreement of the parties, the trust was dismissed as a party. Although the distinction as to which trust was dismissed was not made, the distinction was irrelevant where the parties agreed that only Virginia, individually, would remain a party to the suit.

¶ 10    At the end of the jury trial, the jury returned a verdict in favor of Virginia and against Dupo finding that she was entitled to recission. On August 25, 2023, the trial court entered a "judgment order" reducing the jury's finding that Dupo "breached its contract with Plaintiff Virginia Maxine Larson and that as a result, she is entitled to a recission of the agreement, ***" to a final and appealable order. Thereafter, Dupo filed a motion for judgment notwithstanding the verdict, or for a new trial, and an alternative motion to modify the judgment. At the hearing on said motions, Dupo argued that allowing Virginia to proceed individually and dismissing the trust as a party was error. That in fact, the exact opposite should have occurred as Dupo had originally argued on August 7, 2023. The trial court denied the defendant's motions by order on January 11, 2024. In addition, the trial court ruled on plaintiffs' motion for attorney fees, which was granted in a separate order entered on January 11, 2024. The defendant now appeals the trial court's orders.

¶ 11                        II. ANALYSIS

¶ 12    Although not raised by the parties in their briefs, we find that it is necessary to begin our analysis by addressing whether the August 25, 2023, order reducing the jury's verdict to judgment in favor of Virginia Larson, individually, is void. We are obliged to examine both our own jurisdiction and the jurisdiction of the circuit court in the cause at issue. *Cohen v. Salata*, 303 Ill. App. 3d 1060, 1063 (1999). Whether a judgment is void is a question of law that this court will

9

review *de novo*. *Medponics Illinois, LLC v. Department of Agriculture*, 2021 IL 125443, ¶ 29. It is well established that a "trial court [can] not reach the merits unless and until all owners and lessees, necessary and indispensable parties, were made parties to the proceedings." *Ragsdale v. Superior Oil Co.*, 40 Ill. 2d 68, 71 (1968). A necessary party is a person or entity having a present, substantial interest in the matter being litigated, not a mere expectance or future contingency, in whose absence a complete resolution of a matter in controversy cannot be achieved without affecting that interest. *City of Elgin v. Arch Insurance Co.*, 2015 IL App (2d) 150013, ¶ 34. A necessary party is one whose participation is required to (1) protect its interest in the subject matter of the case that would be materially affected by a judgment entered in its absence, (2) reach a decision protecting the interests of parties already before the court, or (3) allow the court to completely resolve the controversy. *Id.* A judgment or order issued by a court without jurisdiction over a necessary party is void, and failure to join a necessary party can be raised at any time by any party or by the court *sua sponte*. *Certain Underwriters at Lloyd's London v. The Burlington Insurance Co.*, 2015 IL App (1st) 141408, ¶ 15.

¶ 13     Here, following review of the matter and all relevant materials, we have determined that the Individual Trust, the Charles R. Larson Revocable Living Trust Agreement, is a necessary party to this litigation that was not properly made a party to the proceedings before us. The Property at issue and Charles Larson's interest in the Lease are all held in the Individual Trust by way of assignment by warranty deed on May 22, 2014. Although Virginia Larson is the successor trustee and beneficiary of the Individual Trust, she does not possess the authority to represent said interests individually, but only as trustee acting on behalf of the Individual Trust. With regard to whether a trustee and beneficiary are necessary parties in litigation involving trust property, our supreme court long ago advised:

"The general rule is that in all suits respecting trust property, whether brought by or against a trustee, the beneficiaries are necessary parties, and the objection on account of their not being made necessary parties may be taken on appeal. *The trustee is a necessary party because he holds legal title*. The beneficiary is a necessary party because he has the equitable and ultimate interest to be affected by the decree." (Emphasis added.) *People's Bank & Trust Co. of Rockford v. Gregory*, 347 Ill. 397, 399 (1932).

It is clear from the record that Virginia was attempting to proceed both, in her own right and as trustee, but we question whether the Individual Trust was ever properly made a party after Charles Larson's death, where no suggestion of death was filed and no specific order from the trial court exists in the record allowing for such a substitution. In addition, there is no indication in the record and no supporting facts pled in the controlling complaint that Virginia was proceeding in the capacity as a beneficiary, which would constitute another missing necessary party. We note that the matter was further complicated, where the controlling complaint filed on August 8, 2023, named an entirely new trust, the Family Trust, as holding the interests of Charles Larson in the Lease. However, we need not delve into such inquiries where the record is clear that the trust was dismissed as a party. As stated above, plaintiffs' counsel conceded, and the trial court dismissed the trust, or Virginia acting in the capacity of trustee, as a party. In addition, the trial court's judgment is for Virginia Larson individually. Thus, where the Individual Trust was a necessary party, the judgment is void. As mentioned above, we do not have the Family Trust document in the record on appeal; however, based on the record before us, we believe the Individual Trust is the necessary party in this litigation.

¶ 14      In addition, we are perplexed as to how an action seeking recission, an equitable remedy, was determined by a jury trial. "There is no constitutional right to a jury trial in equitable

11

proceedings or proceedings seeking equitable relief." *Vaughn v. Speaker*, 126 Ill. 2d 150, 167 (1988). We are aware that pursuant to section 2-1111 of the Code of Civil Procedure (735 ILCS 5/2-1111 (West 2022)) the granting of a jury trial in equity cases is discretionary with the trial court and, if a jury is allowed, its verdict is advisory only and binds neither the trial court nor the reviewing court. *City of North Chicago v. North Chicago New, Inc.*, 106 Ill. App. 3d 587, 595 (1982). However, it is clear from the record that the jury was not impaneled on this basis, and that the trial court never entered an order finding that such an advisory jury trial was necessary. The judgment entered in this case was strictly according to the jury's verdict and not treated as advisory.

¶ 15    Having determined that the trial court's August 25, 2023, order is void as a necessary party to the judgment is missing, we vacate the judgment. As a result, we also vacate the award for attorney fees associated with the litigation entered by the trial court's order on January 11, 2024. See *Davis v. Yenchko*, 2024 IL 129751, ¶ 27. In addition, we note that the trial court awarded attorney fees in the amount of $61,995.94 "pursuant to [the Lease] as damages attributable to Defendant's conduct as evidenced by the Jury's Verdict Forms and necessary in order to effect recission of [the Lease] between the parties." If a contract provides for awarding attorney fees, generally courts will enforce such a provision. *Overton v. Kingsbrooke Development, Inc.*, 338 Ill. App. 3d 321, 344 (2003). However, the recovery of attorney fees is an inconsistent remedy in an action for the recission of contract. *Id.* A party must elect a remedy based on the affirmance or disaffirmance of the contract, but the election of one is the abandonment of the other. *Id.* Where a contract is rescinded, the rights of the parties under the contract are vitiated or invalidated. *Puskar v. Hughes*, 179 Ill. App. 3d 522, 528 (1989). Thus, plaintiffs' attorney fees would not be recoverable under the Lease if rescinded.

12

¶ 16                                    III. CONCLUSION

¶ 17    Based on the foregoing, the trial court's orders of August 25, 2023, and January 11, 2024, are reversed and vacated. Having vacated the trial court's orders on this basis, we decline to address the remaining arguments on appeal. The matter is remanded to the trial court for further proceedings consistent with the findings herein once all necessary parties have been joined.

¶ 18    Reversed and remanded.